Curia per Savage, Ch. J.
The defendants were lottery office keepers. They purchased a certain ticket and sold it in shares. One half was found by the plaintiff in the street, who carried it to the defendants, and said he expected a reward for finding it. It was advertised, but no owner appeared. The plaintiff then claimed to be the owner by virtue of the finding; and the ticket having drawn $5000, demanded payment of one half, which was refused. The judge charged the jury that the plaintiff was not entitled to recover, he having obtained possession by finding. The jury found a verdict for the defendants ; and by a stipulation between the parties, the supreme court, if they are of opinion, from the facts, that the plaintiff is entitled to recover, are to direct judgment for the plaintiff for $2,125, with interest from the 15th of December, 1823; and either party is at liberty to turn the case into a bill of exceptions or special verdict.
That the finder of a chattel, though he does not acquire, by such finding, an absolute property or ownership, yet has such a property as will enable him to keep it against all but the rightful owner, and consequently may maintain trover, are propositions fully established by the case of Armory v. Delamirie, (1 Str. 505.) The plaintiff was a
*702 chimney sweeper’s boy, and found a jewel, which he car ried to the defendant, a jeweller. The stones were taken out by the defendant’s apprentice ; and it was held that the plaintiff was lawfully in possession against all the world except the owner, and might maintain trover. The same doctrine has often been recognized. (3 Salk. 365. 1 Taunt. 309.) It is not controverted, but expressly admitted by the defendant’s counsel. It is denied, however, that that doctrine is applicable in this case. The plaintiff here found, not a chattel, but a chose in action ; and it is "contended that the law relative to choses in action is to be the law of this case. The ticket is supposed to resemble a promissory note payable to bearer; and it is settled that the bearer of such a note which is lost, must show a valuable consideration. (Hinton’s case, 2 Show. 235. Grant v. Vaughan, 3 Burr. 1523.), And the bearer having come to the possession of such a lost note, or a lost bank note, in the due course of business, may maintain trover against any person who withholds it, even against the owner who lost it; though the finder could not, but would be answerable to the loser. (Miller v. Race, 1 Burr. 452.) In this court, the rule is that “ the bearer of a note or bill payable to bearer, need not prove a consideration unless he possesses it under suspicious circumstances.” *(7 Cowen 176.) Any person in possession of a note endorsed in blank, or payable to bearer, may sue upon it, and prima fade, he is the owner; but if it appear to the court that he is not the true owner, then he must show that he gave value for it, or received it in the ordinary course of business.
In the case of Ford v. Hopkins, (1 Salik. 283,) Lord Holt is made to say that bank notes, exchequer notes, or lottery tickets are similar; and the right to bring trover for them by the owner, against any person into whose hands they may come, is governed by the same rules. Lord Mansfield supposes this to be a mistake of what was said by Lord Holt, as bank notes are similar to cash, and whoever receives them fairly for a valuable consideration, is entitled to retain them. If this doctrine proves any thing in the principal case, it shows that the loser of the ticket may maintain an *703 action against the plaintiff, or any person to whom he might pass it; though no such action could be sustained against the person taking a negotiable note, payable to bearer, if taken in the fair course of trade. In that particular, then, there is a difference between a note payable to bearer and a lottery ticket.
It is for the convenience of trade that notes payable to bearer pass by delivery, and that actions may be brought upon them by the bona fide bearer. But if the holder of such a note, or even a bank note under suspicious circumstances, cannot recover without showing a consideration, it follows that a finder cannot maintain such action. And if the finder of a bank bill, or note payable to bearer, cannot, as such, recover upon it, because he has no title to it, upon what, principle of law or public policy shall the finder of a lottery ticket stand in a better situation 1
It is said that the owner’s remedy is gone as against the defendants, but would be perfect against the plaintiff. The equities of the parties to a gaming contract, though sanctioned by law, are not entitled to much consideration. But if they were, it is indifferent to the court and to equity whether the plaintiff or the defendants have the money. The *plaintiff has paid nothing for it; nor have the defendants ; for though they paid for the ticket, yet they were reimbursed by the sale of the shares of the same ticket. It is therefore a question of strict right between the parties. The ticket is payable to the holder. “ This ticket will entitle the holder to one half share of such prize as shall be drawn to its number,” &c. Now, although bank notes and lottery tickets are not alike, yet there may be some analogy; for instance, in ascertaining who is properly called the holder. There can be no doubt that a payment of this ticket to the plaintiff, had he not disclosed the fact of finding, would have been ■ a defence to any action which the owner might bring against the defendants ; but if they had paid it to the plaintiff with full knowledge that he found it, and of course was not the true owner, would they not be compelled to pay again to the true owner, if he had demanded it in season? Under such circumstances, the *704 ¿ore than that cannot truly be said of a lottery ticket. In case of the note, the maker would be compelled to pay the owner, because he had paid with notice one who was not the owner. The same reason would apply in the case of the ticket. If the possession, by finding, of a note payable to bearer does not, per se, make the possessor the bearer in law, can a similar possession of the share in question, per se, constitute the possessor, without consideration, the holder within the legal cohstruction of the contract ? maker of a note would be compelled tp pay a second time, and I cannot see the difference in principle. In case of the note, the in$trument is negotiable and passee b%r dellv~ery;
The case of the jewel found by the boy is not in point. There .the plaintiff had actual possession of the chattel, the property itself. Here the plaintiff has had no such possession. He had possession of a contract to which confessedly he is- not and never was- a party, unless the bare fact of finding makes him such party. It. seems to me, in the absence of' express authority, that all legal analogies are against the doctrine.. Here is a, sum of money in the hands of the defendants, *to which neither party is equitably or legally entitled. The maxim melior est conditio possidentis seems to be applicable.
The motion for a new trial must be denied. [1]
New trial granted.
Woodworth, J.

 Affirmed, on error. See S. C. 5. Wen. 404.