## CHEMUNG COUNTY COURT.

PRICE SICKLES, respondent, agt. EMILY E. GOULD and NELSON GOULD, appellants.

*Trespass — joint liability of defendants — evidence.*

In an action brought in a justice's court for trespass caused by defendants' cattle in breaking and entering the close of the plaintiff and destroying the crops of the latter, where the evidence is sufficient to sustain the action, a joint liability against the two defendants is *prima facie* made out.

Where it does not appear that one of the defendants is a married woman she must be treated as a *feme sole*. If the defendants claim a nonsuit on the ground that she is a married woman and has no joint interest with the other defendant in, or control over, the cattle doing the damage, such facts should have been set up in the answer and proved on the trial.

Bare possession of a chattel is sufficient to maintain trespass against a wrong-doer. Therefore evidence offered to show title or an interest in the crops damaged, in a third person, was properly excluded, it appearing that the plaintiff was in the exclusive possession of the premises and of the property damaged.

A question put to a witness, "How many bushels of corn would there have been on the piece that was damaged?" called for the opinion of the witness, and was admissible only where the witness possessed the requisite knowledge, and was able by experience to form an intelligent judgment from such experience, skill or observation, as to the amount of damage which the question called for.

It appeared that the witness was abundantly qualified to give such evidence, and consequently there was no error in its admission.

*July Term,* 1875.

*Jno. T. Davidson,* for respondent.

*A. Robertson,* for appellant.

T. S. SPAULDING, *County J.* — This is an action of trespass. The plaintiff and defendants occupied adjoining farms in the

Sickles agt. Gould.

town of Southport, in this county. In November, 1874, a quantity of corn and beans on the lands occupied by the plaintiff were destroyed by cattle. It was a question of fact for the court below to pass upon, and there was evidence tending to show that the cattle were the property of, or in possession and under the control, of the defendants, and that defendants' cattle done the damage complained of. John Fox, a witness for the plaintiff, testifies: " I went and drove the cattle out; they went out in Gould's field, over the line fence; saw a boy in defendants' field; the boy took the cows and went toward Gould's house with them; the defendant came up one day and asked me about the cows being in plaintiff's corn; asked me about his boy taking the cows; he said they were willing to pay the damage for those cows I drove out; and asked me how many cows there were and how many stouts of corn destroyed." Jacob Sickles testifies: " Have seen them (the cattle) in their (defendants') yard at milking time, when I was there; I saw them milking them, and they were in their possession on the farm they occupied." This evidence is uncontradicted and, I think, is sufficient, upon the question of fact, as to the ownership or possession of the cattle by defendants, to warrant the finding by the court below. It does not appear that the defendant Emily E. Gould is a married woman. No such claim is made by the defendants in the answer or on the trial, and she must be treated, therefore, as a *feme sole*. Both defendants were residing upon the same premises, and to all appearances using for dairy or other purposes the identical cattle driven from plaintiff's field, and, so far as appearances indicated, both were equally interested as owners, or in the possession of them. Had it been otherwise it was easy for the defendants to have proven it. The plaintiff, I think, by the evidence made such a case *prima facie* as to call upon the defendants to show the contrary. It is difficult to conceive, under the evidence in this case, that Nelson Gould had title to or possession of the cattle in question, exclusive of the other defendant. If the proof establishes such owner-

Sickles agt. Gould.

ship or possession in one, then it seems to me it does so equally in the other. The motion for a nonsuit was made upon the ground that no joint interest by the defendants in the cattle had been shown, nor that the defendant Emily E. Gould had any interest in, possession or control of them. The motion was denied, and counsel for defendants allege such denial was error. Concede, for the argument, that no joint interest had been shown, or that the defendant Emily E. had any interest in, possession or control of the cattle, it does not follow that the other defendant might not be liable. If, therefore, the defendant Nelson Gould might be liable, the motion for a nonsuit was properly denied, because the motion was not to nonsuit as to one but both defendants. This view of the case on the question of the motion for a nonsuit is not necessary, however, if we are right in the conclusion that there is evidence sufficient *prima facie* to show possession or ownership of the cattle in the defendants jointly.

The objection to the question put on cross-examination by defendants' counsel to Jacob Sickles, viz.: "Have you made any parol agreement with your son in relation to these crops since the written agreement was made?" was, in our opinion, properly sustained. As we understand the object of the question it was an attempt to show title or an interest in the crops damaged, in a third person, and to the extent of such interest, if any existed, to defeat the plaintiff's right of recovery, and this without connecting the defendants in any manner, or either of them, with the title of such third person. If we are correct in this, then the principle applied, that title in a third person will not be available; bare possession of a chattel is sufficient to maintain trespass against a wrong-doer (13 *Johns.*, 141; 11 *Wend.*, 54; 9 *Cow.*, 670). Indeed, this principle is well settled (*See* 16 *How.*, 547). As the case shows, the question was asked "to show that the witness is interested in the title to the crops." Suppose he was. How can the defendants avail themselves of it as a defense? They are trespassers and do not propose to justify their acts through any right, title or interest derived from

him; nor is it proposed to show that the plaintiff was not in the exclusive possession of the premises on which the injury was done, or of the property injured. That the question is not affected by the 111th section of the Code providing, "that actions must be prosecuted in the name of the real party in interest, &c.," *see* 16 *How. Pr. Reports, page* 547. The question whether the witness Jacob Sickles knew from the plaintiff or *his family* that cattle were in while the corn was growing and that part relating to what he knew from plaintiff's family, objected to, was properly disposed of under the objections. The question was too broad and called for the declarations of the plaintiff's family which was clearly incompetent. The offer by defendants' counsel to show orally the contents of the lease under which plaintiff claimed to be the owner and in possession of the premises when the trespass was committed, if we correctly apprehend the object, it was to show an interest in the crops by a third person, with which the defendants were not connected, and is substantially the same proposition before made to show the witness interested in the crops, and as we have seen, was immaterial; we are led to the conclusion that the object of the evidence as to what the lease contained was as we have stated, because no other object is stated, and the inquiry of the defendants' counsel seems, in the examination of this witness, directed only to that point. The question put to Walter Dense, "How many bushels of corn would there have been on the piece that was damaged?" was objected to as calling for the opinion of the witness on a question not within his science and skill, and which he has not been shown competent to give. That the evidence sought called for the opinion of the witness based upon his knowledge of the quality of the soil upon which the crop was raised, and his experience in raising crops of a like character, on the same or similar soil, and in short, that the witness must possess the requisite knowledge, and be able to form an intelligent judgment from experience, or observation and knowledge, is quite

apparent, and we think if not shown to possess that skill or knowledge, the witness would not be competent to testify on that subject, but the fact of the competency of the witness to testify on that question fully appears.   At folios 40 and 41 of the return, the witness testifies: "I raised a crop on this land some time ago; I am well acquainted with the land and what it will produce, and that he had been acquainted with this land for thirty years, and lived within half a mile of it." The evidence of this witness on this question further shows that he had not worked the land since 1862 or 1863, and his knowledge of it was derived from what he observed as a neighbor living near it.   It does not necessarily follow that a witness must be a farmer in order to give an opinion as to how much a given field will produce of a certain kind of grain.   A knowledge derived from observation, if of the requisite degree to enable a witness to speak intelligently, would be sufficient.   It must, however, appear in some manner that the witness has the knowledge to enable him to testify, or the admission of the evidence would be error.   In relation to the quantity of beans, as testified to by this witness, the same may be said.   He testifies that he planted them, knew the ground they were raised on, and thinks he can tell how many it would produce, and was, I think, competent to give an opinion.   The objection made to the question, "Do you know the number of bushels you fixed upon at the time you made your appraisal of damages?" was, I think, also properly overruled.   The question called for the knowledge the witness had on the subject, personally.   It was, I think, proper for the three witnesses who examined the crop to testify what knowledge they had as to the amount the crop was damaged.   The estimate made by them was the estimate of each of them separately.   It is true their estimate separately conforms with each other, and they all agreed; but it does not follow that either of them formed an estimate based upon the opinion or estimate of the other.

I am of opinion the judgment should be affirmed.