The People ex rel. The Gallatin National Bank et al., Appellants, *v.* The Commissioners of Taxes and Assessments, Respondents.

Under the provisions of the act of 1866 (chap. 761, Laws of 1866), "authorizing the taxation of the stockholders of banks," etc., the actual, and not the par, value of the shares of the capital stock of national banks is the basis of assessment and taxation.

It is the duty of assessors to ascertain the actual value of the shares held by a stockholder, and, after deducting their proportion of the value of the real estate owned by the bank, the balance is the proper sum to be assessed,

The act of 1865 (chap. 97, Laws of 1865), authorizing State banks to become national banks, did not give to a bank availing itself of the privilege a contract that its shares should not be assessed for more than their par value.

Said act, so far as it provides for the taxation of national banks, having been declared unconstitutional and void by the United States Courts (*Van Allen* v. *The Assessors*, 3 Wall., 573; *People* v. *Comrs.*, 4 id., 244), if a contract was intended, the intent failed, and could not affect future legislation.

The fact that State banks can divide up their surplus, while national banks are required to keep on hand a portion of theirs, does not make the mode of assessment and taxation prescribed by the act of 1865 unjustly to discriminate against the latter.

The legislature, therefore, by the enactment of said provision of the act of 1866, did not interfere with any of the constitutional rights of a bank which, under the provisions of said act of 1865, was converted from a State into a national bank.

(Argued December 5, 1876; decided December 19, 1876.)

Appeal from order of the General Term of the Supreme Court in the first judicial department affirming the proceedings of the commissioners of taxes and assessments, in the city and county of New York, in assessing the shareholders of the relator, the Gallatin National Bank, upon their stock in said bank, and dismissing a writ of *certiorari* brought to review such proceedings. (Reported below, 8 Hun, 536.)

The said bank was first incorporated under the general banking law of this State. In pursuance of the provisions of chapter 97, Laws of 1865, it was converted into a national bank. The par value of the shares of its capital stock is fifty dollars. The said commissioners assessed the value at seventy-two dollars and two cents. The relators appeared and opposed the assessment; the president of the bank making affidavit that the actual value of the shares was but sixty-four dollars. The commissioners thereupon assumed this as the value, deducted five dollars per share as the proportion of the value of the real estate belonging to the bank, and reduced their assessment to fifty-nine dollars per share.

Further facts appear in the opinion.

*D. D. Lord* for the appellants. The repeal in chapter 761, Laws of 1866, of section 10 of chapter 97, Laws of 1865, was unconstitutional, as affecting the validity of a contract

between the relators and the States. (*Cent. B. and B. Co.* v. *Georgia*, 20 How., 665.) The assessment was illegal, the valuation being, in reality, a taxation of the capital of the bank. (2 Wall., 200; 3 id., 573; 4 id., 244.)

*Hugh L. Cole* for the respondents. The actual, and not the par, value, where the two do not coincide, is the standard to be adopted by the commissioners in assessing the value of shares of the capital stock of a national bank upon the stockholders thereof. (2 Laws of 1866, chap. 771, p. 1647; 1 R. S., 393, § 17.) The stockholders cannot avoid taxation on the actual value of their stock because a part, or even the whole, of the capital stock of the bank is invested in United States bonds. (*Van Allen* v. *The Assessors*, 3 Wall., 573; *People* v. *The Comrs.*, 4 id., 244.)

EARL, J. The relators complain that the defendants have assessed the shares in the bank at their actual value instead of their par value, and claim that this mode of assessment is erroneous.

The act of congress in reference to the organization of national banks was passed June 3, 1864. It conferred certain privileges upon the banks to be organized and regulated the mode in which they should do their business and the terms upon which they should enjoy the important privilege of issuing and circulating notes. It also provided how State banks could be converted into national banks, and that the taxation of the shares of national banks should not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens or is imposed upon the shares in any of the State banks in the same State.

In 1865 (chap. 97) the legislature passed an act to enable State banks to avail themselves of the act of congress and become national banks, and prescribed the mode in which State banks could be converted into national banks; and for the purpose of bringing our statutes as to taxation into harmony with the requirement of the act of congress, section 10

provided that all the shares in both State and national banks should be included in the valuation of the personal property of the share owners, " but not at a greater rate than is assessed upon other moneyed capital in the hands of individuals of this State, provided that the tax so imposed upon such shares shall not exceed the par value thereof."

The Gallatin National Bank was, prior to 1864, a State bank and it was converted into a national bank under the act of congress and the act of 1865 above referred to.

The first claim made by the relators in this action is that the act of 1865 gave them a contract that the shares in the bank should not be assessed for more than their par value. A complete answer to this claim is, that the act, so far as it provided for the taxation of national banks, has been declared unconstitutional and void. ( *Van Allen* v. *The Assessors*, 3 Wall., 573 ; *The People* v. *The Commissioners*, 4 id., 244.) Hence, if the legislature attempted to make a contract it failed, and a void law certainly could not deprive future legislatures of the right to exercise all their powers on the subject of taxation of banks.  But the act does not purport to make a contract; it simply enabled State banks to become national banks and provided by a general law how the bank shares should be taxed.  This law the legislature could alter, and it was deprived of none of its rightful power over the subject of taxation.  It is never to be assumed that the State has, by any act, fettered its power of taxation in the future, unless it appears with irresistible clearness that the enactment was intended to be in the nature of a private contract as distinguished from a mere act of general legislation.  (*The People* v. *Roper*, 35 N. Y., 629 ; *The People* v. *The Commissioners*, etc., 47 id., 501; *Rector, etc., of Christ Church* v. *County of Philadelphia*, 24 How. [U. S.], 300.)  The legislature did not, therefore, interfere with any of the constitutional rights of the relators when it enacted, by section 1 of chapter 761 of the Laws of 1866 (p. 1647), " that no tax shall hereafter be assessed upon the capital of any bank or banking association organized under the authority of this State or of the United States, but

the stockholders in such banks or banking associations shall be assessed and taxed on the value of their shares of stock therein."

The assessors in the discharge of their duties under this act must ascertain the value of shares in banks, and to that end they must take into consideration every thing that gives value to shares — the surplus and the circumstances under which it exists, the franchises and advantages and disadvantages of the banks and all the other circumstances, and when they thus ascertain the value of the shares, such value is to be the basis of assessment and taxation.

It appears in this case that the defendants assessed the shares in the bank at the value as required by the statute. The par value of the shares is fifty dollars, and in the first place the defendants assessed each share at seventy-two dollars and two cents. The relators subsequently appeared before the defendants to complain of the assessment and have it reduced; and the utmost they claimed as to the value of their shares was that it did not exceed sixty-four dollars per share, and the defendants then reduced their assessment to fifty-nine dollars per share — the value on a basis of sixty-four dollars per share after deducting the value of real estate owned by the bank.

This system of taxing bank shares is in entire harmony with that of taxing other personal property. The Revised Statutes (1 R. S. 393, § 17) provide that all personal estate "shall be estimated and assessed by the assessors at its full and true value as they would appraise the same in payment of a just debt due from a solvent debtor." This provision requires the assessment to be for the "full and true value," and then, that there may be no mistake or evasion of this duty it provides a guide, which will in all cases give the full value — to wit: what the same would be worth in the payment of a just debt to a creditor entitled to and able to procure the cash for his debt. The basis of assessment is really the cash value. As I understand it, such was the assessment which is complained of in this case.

It is, however, further claimed that there is an unjust discrimination against national banks, because State banks can divide up all their surplus and national banks are required to keep on hand and accumulate a portion of their surplus. I cannot perceive the force of this claim. If a State bank divides up its surplus, it has not got it to use, and it may be taxed in some form in the hands of the shareholders who have received it. While a national bank is required to keep some of its surplus and to deposit a certain portion of its capital, in bonds, with the comptroller of the currency, it can, in certain ways, use its surplus; and it receives interest upon its bonds so deposited, and it has the advantage of a circulation of notes and all the other advantages which the laws of congress give such banks. Who shall say that a national bank is at any disadvantage as compared with State banks? It is generally supposed that they have a substantial advantage over the latter. But however that may be, all these circumstances were before the defendants when they fixed the value of the shares, and as long as they did not take an improper basis or violate any law, we cannot interfere with their determination. In accordance with these views are the cases of *People* v. *The Assessors of Albany* (2 Hun, 583), and *Hepburn* v. *The School Directors* (23 Wallace, 480).

Having given careful consideration to all the views urged upon us by the learned counsel for the relators, we have reached the conclusion that the judgment must be affirmed.

All concur.

Judgment affirmed.