The People ex rel. The Tradesmen's National Bank in the City of New York, Respondents, *v.* The Commissioners of Taxes and Assessments, Appellants.

In assessing bank stock under the provisions of the act authorizing the taxation of stockholders of banks (chap. 761, Laws of 1866), it is the duty of the assessor to deduct, from the actual value of each share, a sum bearing the same proportion thereto as the assessed value of the real estate of the bank bears to the actual value of all the capital stock; the words "whole amount of the capital stock," as used in said act, has reference to its value, not to the nominal amount of capital.

*People ex rel.* v. *Comrs. of Taxes* (9 Hun, 650), reversed.

(Argued February 16, 1877; decided March 20, 1877.)

Appeal from order of the General Term of the Supreme Court, in the first judicial department, modifying the assessment of the relator's capital stock, by reducing the assessment per share from forty-eight dollars, as assessed by the commissioners of taxes and assessments of the city of New York, to the sum of forty-four dollars and eighty cents. The proceedings of the commissioners were brought up for review by *certiorari.* (Reported below, 9 Hun, 650.)

The facts are sufficiently stated in the opinion.

*Hugh L. Cole,* for the appellants. The words "whole amount of the capital stock," in the act of 1866 (chap. 761), must be construed to mean the whole amount upon which earnings are made, dividends paid and credit obtained. (*Hepburn* v. *School Directors of Carlisle,* 23 Wal., 48; *People ex rel. Gallat Nat. Bk.* v. *Comrs.* [not reported].)

*Horace Barnard,* for the respondents. The mode of computation, adopted in making the assessment, was in direct contravention of the spirit and terms of the act of 1866 (chap. 761), and transcended the limits imposed by the acts of congress. (23 Wal., 484; 2 id., 206; 3 id., 588; 9 id., 353; *Utica* v. *Churchill,* 33 N. Y., 161; *People* v. *Dolan,* 36 id., 59, 65; *Bank Tax Cases,* 2 Black.) The words "whole amount of capital stock," as used in the statute, mean the capital on which the bank is organized. (1 R. S., 375 [Edmond's ed.]; Laws 1857, chap. 456, § 3; Laws 1860, chap. 240; 23 N. Y., 193; 36 id., 66; 9 Wal., 359.)

Miller, J. The relator claims relief upon the ground that the commissioners of taxes and assessments did not obey the mandate of the statute in making the proper deduction from the value of each share of the capital stock of the bank as the law required. The capital of the bank was $1,000,000 and was represented by 25,000 shares at forty dollars a share. The commissioners valued the shares at fifty-six dollars each, and assessed the real estate at $200,000, making the total value

of the capital stock, including the real estate, $1,400,000. They deducted from the value of each share eight dollars, being the one-seventh of the proportion which the real estate bore to the whole amount of the capital stock, including the real estate, making the entire assessment upon the shares $1,200,000. It is urged that this deduction was erroneous, and that instead thereof one-fifth of the value of each share (eleven dollars and twenty cents) should have been deducted, thus reducing the value of each share to forty-four dollars and eighty cents, in the place of forty-eight dollars, the amount of the actual assessment, and making a difference of $80,000 in total amount of the taxable property assessed.

The statute under which the commissioners acted (chap. 761, Session Laws of 1866, § 1), declares that the stock-holders of any bank " shall be assessed and taxed on the value of their shares of the stock therein,   *   *   *   but not at a greater rate than is assessed upon other moneyed capital in the hands of individuals in this State.   And in making such *assessment* there shall also be deducted from the value of such shares such sum as is in the *same proportion to such value* as is the assessed *value* of the real estate of the bank   *   *\   to the whole amount of the capital-stock of the said bank," etc.

The evident object and purpose of the act from which the foregoing provision is cited, was to provide a system of taxation of the stockholders of national banks by which they should be assessed for their shares in the same method, and bear the same burthens, as are assessed upon other property, and thus be compelled to pay their fair and just proportion of taxes to be levied.   The clause in the section cited to the effect that they were not to be assessed at a greater rate than other moneyed capital, clearly meant that they should be assessed as much and to the same extent, and not at a less rate than assessments are imposed upon individual owners of such capital according to law.   They were to be assessed as the act provides on the value of their shares, meaning the market value, or the price which such shares would bring, without regard to the value of the real estate, which was to

be assessed separately. When the assessors had fixed upon the value of such shares, then the deduction was to be made from the value of the shares of the assessed value of the real estate, and here the real point of the controversy is presented as to what that deduction shall be. It is to be proportionate, and as the assessed value of the real estate is to the capital stock. The phraseology last employed must be considered in the connection with the " value of the shares " which have previously been inserted in the statute, and when the statute speaks of the " whole amount of the capital stock," it is reasonable to suppose that it had reference to its fair value, and not to the nominal amount of the capital. It certainly includes the value, as that constitutes the actual amount, and the important element which was to be taken into consideration in the assessment of the shares.

The words last cited, as expressed in the section cited, include, evidently, every part of the assets of the bank from which an income is derived, and from which the dividends earned are to be paid. This clearly comprehends the surplus on hand as well as every other investment which constitutes a portion of the capital. These sources of income represent the capital, and form a material part of it, which is liable to be assessed as the act directs. The assessors are to consider every thing, which gives value to the shares, in fixing the basis of assessment. (*The People ex rel. Gallatin Bank* v. *Commissioners, etc.*,*) Such being the principle upon which the assessment is based, it is not apparent in what manner a deduction can be made from the value of the shares in proportion to the nominal capital, instead of real capital, according to its value. The word " *nominal* " is not used, and while the amount of the capital may be nominal, it may also, when it has increased in value, by profits earned, be far beyond that; and when it has thus become actually more valuable than the *nominal* amount, there is no valid ground for holding that the latter sum should be the criterion. In fact the language cited would seem to indicate that it was

* 67 N. Y., 516.

intended by the legislature to exclude any such construction.

In support of the construction, placed upon the statute in question, it may be observed that it tends to carry out the apparent intention of the law makers to fix a fair and just valuation upon property of this description, while a contrary rule would operate unjustly, and render a uniformity of assessment almost out of the question. No rule appears to be more equitable, rational and fair than to assess the shares of bank stocks at their value, and then make the deduction in proportion to the real capital, as we think the statute authorizes. If it were otherwise, banking institutions, which had been prosperous and successful, and whose shares had been raised far above the par value, might escape taxation upon a large portion of the amount of their capital, while those which had been unfortunate and reduced in value might be taxed upon a far greater amount than their entire capital, upon entirely a fictitious basis of value, and upon property which, in fact, had no existence. This clearly never was intended, and the rule applicable to the construction of statutes does not require such a strict interpretation of the law, as will thus frustrate its design and completely pervert the object of the law maker.

It may also be remarked that the basis of taxation, adopted by the commissioners in this case, appears to have been followed and approved in the case of *The People ex rel. Gallatin Bank* v. *The Commissioners, etc. (supra)*, recently decided by this court.

The General Term was in error in its decision, and the judgment should be reversed and the writ of *certiorari* quashed.

All concur, except ALLEN, J., dissenting. ANDREWS not voting.

Judgment reversed.