NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—
April, 1882.

## THOMPSON v. MOTT.

*In the matter of the judicial settlement of the account of* HENRY A. MOTT, *executor, etc., of* ADELAIDE THOMPSON, *deceased.*

A son of testatrix, who had objected to the account filed by her executor, petitioned for an order directing the latter to deliver certain letters and other papers in his possession, and which testatrix had at the time of her death; not claiming that the articles had any literary value, or were in any sense assets, but alleging that some of them related to the accounting, and were necessary for petitioner's use in that proceeding.

*Held,* that such an order was unauthorized by statute, no authority to grant it being contained in the provisions of Code Civ. Pro., § 2472, which confers power upon the Surrogate's court to direct and control the conduct of executors, to enforce the distribution of the estates of decedents, and the payment or delivery, by executors, of money or other property in their possession, belonging to the estate,—such jurisdiction to be exercised *in the cases and manner prescribed by statute.*

UPON the accounting of the executor, etc., of decedent, her son, Frank G. A. Thompson, objected to the account, and asked for an order to compel the executor to produce certain papers in his possession. The facts appear sufficiently in the opinion.

CUSHMAN & VAN PELT, *for executor.*

F. A. RANSOM, *for F. G. A. Thompson.*

THE SURROGATE.—This proceeding is brought in behalf of the son of the testatrix. He asks for an order directing her executor to deliver certain letters and other paper writings, which she had at the time of her death, and which are now in possession of the executor. It is not claimed that these articles have any property value as literary productions, or that they are in any sense assets of decedent's estate. As between the executor and next of kin, the latter are probably entitled to such of them, at least, as are not necessary for the executor's use in making up his accounts. But, after careful consideration, I doubt the authority of this court to compel their delivery to the petitioner. The grant of power in section 2472 of the Code, " to direct and control the conduct of executors, and to enforce the distribution of the estates of decedents, and the payment or delivery by executors of money or other property in their possession belonging to the estate," is not, in my judgment, when viewed in connection with the final provision of the section, broad enough to justify the issuance of such an order as is here prayed for. There seems to be no other statutory provision which is applicable to this subject. No judicial decision has been cited, in support of the claim here urged, and, after much searching, I have found none.

It is alleged, in the petition, that some of the papers whose delivery it seeks, relate to the accounting, and are necessary for the use of the petitioner, who is the objector in the proceeding now pending before the referee. The executor has intimated that he is ready to produce such papers for the inspection of all persons interested. If he should neglect or refuse to do so, the petitioner can, of course, take such steps as are provided by law for securing their production. Without costs and without prejudice to the institution of any such proceeding, the present application is denied.

Ordered accordingly.