(1 Misc. Rep. 238.)

MATTHEWS v. SMITH'S EXP. CO.

(Rockland County Court. November, 1892.)

TRESPASS—WHO MAY MAINTAIN—PERSONS IN POSSESSION.

An expressman who is in possession of goods for the purpose of moving them for the owner may maintain trespass against one who wrongfully seizes them.

Appeal from justice of the peace.

Action by Matthews against Smith's Express Company for trespass to personal property. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Snider & Hopper, for appellant.
Arthur S. Tompkins, for respondent.

WEIANT, J. This is an action for trespass to personal property. The parties, both plaintiff and defendant, were engaged in the express, storage, and carting business in Rockland and New York counties, and elsewhere, each having his or its office and principal place of business in Nyack, in this county. On or about May 24, 1892, the plaintiff, through the request or direction in writing of one Mrs. Smith, took possession of the personal property in question, consisting chiefly of household goods, at the residence of Mrs. Smith,

in New York city, to have the same shipped, transported, and delivered for her to her place of residence at Nyack. The plaintiff caused the goods to be taken from the residence of Mrs. Smith, in New York city, carted to the office of the Northern Railroad of New Jersey, and over that road shipped to Nyack. On the arrival of the goods at Nyack, the plaintiff, in the afternoon of the same day, proceeded to remove the goods from the cars, to take them to the residence of Mrs. Smith. After he had removed a portion of them, the defendant's employes took possession of the remainder of the goods, and removed the same away, against the remonstrance and objection of the plaintiff, and after notification by him that the same were in his possession. The facts are undisputed. The plaintiff then brought this action for damages, and recovered a judgment in the justice's court for nominal damages and costs. From this judgment the defendant appeals.

The judgment must be affirmed. The right of the plaintiff to maintain an action for trespass is clear. An action of trespass for an injury to personal property lies not merely in those cases in which personal chattels are taken out of the actual possession of the owner, but also for any wrongful and forcible injury which may be done to them while in his possession, or in the possession of another. Proof of actual possession of the chattel by the plaintiff at the time when the injury was done to it will be sufficient in all cases to maintain an action against a mere wrongdoer, who is not the real owner of the chattel. Aikin v. Buck, 1 Wend. 466. Bare possession, alone, of a chattel is sufficient title or right to maintain the action against a wrongdoer, (Hoyt v. Gelston, 13 Johns. 141, 561; Sickles v. Gould, 51 How. Pr. 22; 2 Wait, Law & Pr. [5th Ed.] 452, and cases there cited;) and even where the plaintiff came into possession of the property wrongfully, he may nevertheless maintain trespass against a mere wrongdoer who divests him of his possession, (Hurd v. West, 7 Cow. 752; Hoyt v. Van Alstyne, 15 Barb. 568–572.) A mere finder of a chattel may maintain the action against a wrongdoer who has no title at all. Even a gratuitous bailee may maintain trespass against a wrongdoer. Rooth v. Wilson, 1 Barn. & Ald. 59. A factor, commission merchant, or consignee of goods has such an interest as will maintain the action. Fowler v. Down, 1 Bos. & P. 45. Where the plaintiff is in actual possession of the property when the defendant, against his will, forcibly seizes and removes it, that is enough, without any other evidence of title, to maintain the action, except against the true owner, or one connecting himself with the true owner. Wheeler v. Lawson, 103 N. Y. 40–45, 8 N. E. Rep. 360, citing Stowell v. Otis, 71 N. Y. 38. Such being the law, it is unnecessary for me, in the disposition of this appeal, to determine the question raised by the appellant's counsel as to whether or not the plaintiff was a common carrier, and, as such, having a lien upon the goods. The right of action does not rest upon his having a lien, as between himself and another other than the owner, or some one claiming under him; and the defendant, neither by his answer nor by evidence, has undertaken to justify under any authority from the owner, Mrs. Smith. The judgment is affirmed, with costs.