(86 App. Div. 454.)

## CASE v. SPENCER.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. EXECUTORS AND ADMINISTRATORS—PROPERTY ACQUIRED—CHARACTER OF POSSESSION.

Where an administrator discovered certain securities in a safety-deposit box belonging to the deceased, which, together with certain moneys credited on decedent's books to plaintiff, deceased held as plaintiff's depositary, the administrator held such securities in his capacity as administrator, and not as a "finder" thereof.

2. SAME—SURROGATE'S COURT—JURISDICTION.

Code Civ. Proc. § 2472, subds. 3, 4, providing that a surrogate shall have jurisdiction to control the conduct and settle the accounts of executors, to enforce the payment of debts and legacies, the distribution of decedent's estates, and the payment or delivery of money or other property in their possession belonging to the estate, are insufficient to confer jurisdiction on a surrogate to order an executor to return securities found in decedent's safety-deposit box, which decedent held for plaintiff as a depositary to redeem other depositary securities which decedent had hypothecated, and return the same to plaintiff, and to repay money deposited.

Appeal from Order of Surrogate, Westchester County.

Action by Daniel R. Case against Harold E. Spencer, as administrator with the will annexed of the estate of one Bacon, deceased, for the delivery of certain personal property. From a surrogate's order directing delivery of the property, the administrator appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Arnold Charles Weil, for appellant.

Edward Stephens, for respondent.

JENKS, J. The petitioner shows that he deposited with Bacon, for safe-keeping, certain securities and money, both returnable upon demand; that, upon Bacon's death, Bacon's administrator c. t. a., the respondent, took possession of them, collected the dividends thereof, and, notwithstanding a demand, refuses to deliver up securities, money, or dividends. The respondent deposes that he has no knowledge or information sufficient to form a belief as to the allegations of deposit or its terms; denies that he has taken possession of the securities, or that they have come into his possession as alleged; deposes that he "found" certain securities in the safe-deposit vault of the decedent, which he now holds; admits that he has collected dividends upon some of them; and states that certain other securities stand hypothecated by the decedent for loans to him. The securities described by the respondent conform to the securities described by the petitioner. The respondent also deposes that it appears upon examination of the decedent's books, and from information received by him, that the securities named by the petitioner were received from petitioner by decedent, and also that the books of decedent show an indebtedness to petitioner corresponding to the alleged deposit of money. And, finally, he deposes that the decedent had no claim or lien thereon, or claim against the petitioner. Affidavits of the attorneys for the respective parties were also submitted. Thereupon the surrogate ordered the administrator forthwith to deliver up all such securities in possession to the petitioner, and to notify all parties in interest to show cause before the surrogate why the administrator should not redeem the hypothecated securities and return them to the petitioner, with the said money and dividends, together with interest on such amounts respectively.

The power of the surrogate in the premises must be found in expression or implication of some statute. Riggs v. Craig, 89 N. Y. 479; Fiester v. Shepard, 92 N. Y. 251; Matter of Hawley, 104 N. Y. 250, 10 N. E. 352; Matter of Walker, 136 N. Y. 20, 32 N. E. 633. If the respondent did not take, or does not hold or control the securities in his representative capacity, then clearly the Surrogate's Court had no jurisdiction. If, on the other hand, the relation of the respondent is in his representative capacity, the question of power still remains. Despite the denials and distinctions of the respondent, I think the facts presented warrant the conclusion that the respondent acted and acts in the capacity of administrator. He obtained, and he has kept possession of, the securities not hypothecated. Per-

sonally he makes·no claim of title thereto, save the inference to be drawn from his denials, and from his averment that he "found" the securities. To find is to discover, or to meet with by accident. It implies a loss. The petitioner did not lose the securities if he knowingly deposited them with Bacon. There is no presumption that Bacon lost them, arising from their discovery in his safe-deposit box. They were only found in the sense that after Bacon's death a third person then gained access to a place where such instruments would most naturally be kept. Surely, because the decedent left them behind him, he did not lose them, and, because the respondent discovered them in a strong box which had belonged to the decedent, he did not find them. Otherwise almost every executor and administrator would be a "finder" of property. It is idle to speculate how long, before any sensible tribunal, the respondent could maintain his title as a finder to securities discovered in the decedent's strong box, in the face of his own admission and of petitioner's proof. See 2 Parsons on Contracts (8th Ed.) 103; McLaughlin v. Waite, 9 Cow. 670. On the other hand, it appears that the respondent is administrator of the alleged depositary; that he admits the receipt by him; that he found the securities, not hypothecated, in a safe place belonging to the decedent, and to which, presumably, he could have no lawful access save as his representative; that he received dividends from some of the securities standing in the name of the decedent and his company; and that he described them as "assets."

The difficulty in the way of affirmance of this order is not in the determination of the capacity of the respondent, but in discovering the power of the Surrogate's Court to make it. Redfield on Surrogates (6th Ed.) p. 36, says: "He [the surrogate] cannot on a summary application compel an administrator to deliver to a claimant property taken possession of as part of the estate," citing Marston v. Paulding, 10 Paige, 40; Thompson v. Mott, 5 Redf. Sur. 574. In Marston v. Paulding, supra, the chancellor, affirming an order of the surrogate denying an application essentially similar to that in this case, said:

"It is not necessary to examine the question whether the property in controversy in this case was or was not rightfully retained by the respondent as a part of the estate belonging to the decedent. For, if it belonged to the appellant, his proper remedy was in a different forum. For the surrogate has no jurisdiction, upon a summary application to him, to compel the administrators to deliver over property to the owner thereof, which property has been taken possession of by them as a part of the estate to be administered by them; although their claim to such property is wholly unfounded, or is merely colorable."

See, too, Matter of Cooley, 6 Dem. Sur. 77. I find no counter authority, and I neither find nor am I referred to any statute, save subdivisions 3 and 4 of section 2472 of the Code of Civil Procedure. I think that these provisions are not sufficient in the premises. The power conferred by subdivision 3 to direct and to control can be exercised only "in the cases and in the manner prescribed by statute." Thompson v. Mott, 1 Dem. Sur. 32. As to subdivision 4, the petitioner claims neither a debt nor a legacy, or that the property in the respondent's possession belongs to the estate of the decedent.

On the contrary, he claims his own property, which was deposited with the decedent, to be by him returned upon demand. It does not appear that the respondent ever had possession of the hypothecated securities, but the order requires him, as administrator, first to redeem them. If he redeem them as administrator in order to deliver them to the petitioner, it would seem that he would take possession of them as such administrator. If not, I know of no equitable power in the surrogate which would warrant such order. As to the money,. the petitioner does not lay claim thereto as a debt, but as a deposit returnable upon demand. I think that the Code provisions cited,. supra, cannot be construed, in the absence of any more specific statutory authority, as vesting the surrogate with such equitable or common-law power as enables him to afford the relief of this order. I regret to conclude that the remedy is in another forum.

The order should be reversed, with costs.

Order of Surrogate's Court reversed, with $10 costs and disbursements. All concur.