In the Matter. of the Application of THE FIRST NATIONAL BANK OF OSSINING, Appellant, for a Writ of Certiorari against THE BOARD OF ASSESSORS OF THE TOWN OF OSSINING, Respondent.

TAX — BANKS — VALUE OF REAL ESTATE NOT DEDUCTIBLE FROM TOTAL VALUATION. Under section 2 of chapter 550, Laws of 1901, which amended section 24 of the Tax Law (L. 1896, ch. 908) and devised a new plan for the assessment and taxation of shares of stocks of banks and banking associations, assessors are required, when ascertaining the value of the shares of bank stock from the total value of the corporate properties, to include the value of the real estate, and have no authority to deduct it from the total valuation in making the assessment.

*Matter of First National Bank* v. *Bd. of Assessors,* 107 App. Div. 624, modified.

(Argued October 5, 1905; decided October 10, 1905.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered September 9, 1905, which affirmed an order of Special Term quashing a writ of certiorari to review the proceedings of the respondent herein· in assessing the capital stock of the petitioner for the purpose of taxation.

The facts, so far as material, are stated in the opinion. ·

*Thomas F. Gilroy, Jr., Smith Lent* and *Samuel Watson* for appellant. The legislative intent in the enactment of chapter 550 of the Laws of 1901 was to continue as theretofore the assessment of real estate as such to the bank, and to continue as theretofore to eliminate it from consideration as part of the capital stock, surplus and undivided profits of the bank in ascertaining their amount for the purpose of fixing the taxable value of the shares. (*Hoey* v. *Gilroy,* 129 N. Y. 132; *City of Poughkeepsie* v. *Quintard,* 136 N. Y. 275; *Wormser* v. *Brown,* 149 N. Y. 163; *White* v. *Wager,* 32 Barb. 250; 25 N. Y. 328; *Bertles* v. *Nunan,* 92 N. Y. 152; *People* v. *Palmer,* 109 N. Y. 110; *Fitzgerald* v. *Quinn,* 109 N. Y. 441; Cooley on Taxation, 165·; *Board of Rice Co.* v. *Citizens' Bank,* 23 Minn. 280; *People ex rel. N. Y. Real*

*Estate Assn.* v. *Barker*, 29 App. Div. 325; *L. R. Co.* v. *Wright*, 116 Fed. Rep. 669; *Finn* v. *Whitworth*, 117 U. S. 129; *New Orleans* v. *Houston*, 119 U. S. 265.) The tax imposed by this act is distinctly a personal property tax, and is imposed directly upon the shareholders; it is in no sense a tax upon the franchise of the bank. (*People ex rel. F. G. Realty Co.* v. *Miller*, 179 N. Y. 49; *People ex rel. W. S. Realty Co.* v. *Miller*, 181 N. Y. 328; *People ex rel. Singer Mfg. Co.* v. *Wemple*, 150 N. Y. 46.) The bank is a proper party to maintain these proceedings. (*People ex rel. Forest Comm.* v. *Campbell*, 152 N. Y. 51; *Mercantile Nat. Bank* v. *Mayor, etc.*, 172 N. Y. 352.)

*Benjamin Fagan* for respondent. The writ of certiorari was properly quashed upon the objection taken at the Special Term "that the petition upon which the writ was issued is wholly insufficient in law and upon the face thereof, in that the First National Bank is not the aggrieved party within the meaning of section 250 of the Tax Law." (L. 1896, ch. 908, § 250; *People ex rel. Koehler* v. *Feitner*, 71 App. Div. 572; *People* v. *Wall Street Bank*, 39 Hun, 525.) No deduction should be allowed under section 24 of the Tax Law for real estate owned by national banks. (L. 1901, ch. 550; L. 1902, ch. 126; L. 1903, ch. 267.) The tax imposed by section 24 of the Tax Law is a tax against the shares of stock owned by the individual, while the tax against the real estate is a tax upon the property owned by the corporation. (*Jenkins* v. *Neff*, 163 N. Y. 331; *O. Nat. Bank* v. *Owensboro*, 173 U. S. 664; *U. T. Co.* v. *Coleman*, 126 N. Y. 437.) The claim of the appellants that the method pursued results in double taxation is without merit, as the tax is laid upon two separate and distinct kinds of property owned by two different persons. (*Jenkins* v. *Neff*, 163 N. Y. 326; *People* v. *Comrs. of Taxes*, 35 N. Y. 431.)

GRAY, J. The First National Bank of Ossining, N. Y., sued out a writ of certiorari to review the proceedings of the

board of town assessors, upon the assessment of its shares of capital stock for the purposes of taxation for the year 1904. Its complaint is that the assessors, in determining the value of the stock, included the value of the bank's real estate and refused its application to make any deduction thereof. The bank has failed, in the courts below, to obtain the relief to which it deemed itself entitled and now appeals to this court; claiming, in substance, that under the provisions of section 24 of article 2 of the Tax Law the real estate should have been " eliminated from consideration as part of the capital stock, surplus and undivided profits of the bank."

That the bank was aggrieved, within the meaning of section 250 of the Tax Law, and, therefore, was entitled to sue out the writ of certiorari is, in my opinion, beyond question. The Tax Law makes the bank the agent for the collection of the tax and subjects it to a penalty for failure to pay over the same to the county treasurer, or, in the city of New York, to the receiver of taxes. The representative capacity of a bank to maintain a suit in behalf of its stockholders, in relation to the assessment and taxation of its shares of stock, was sufficiently declared in the recent case of *Mercantile National Bank* v. *Mayor, etc., of N. Y.*, (172 N. Y. 35, 45), and it can, undoubtedly, institute such a proceeding as this. Such was the procedure as far back as the case of *People ex rel. Gallatin National Bank* v. *Commissioners of Taxes*, (67 N. Y. 516).

As to the principal question in this case, the relator argues that chapter 550 of the Laws of 1901, which amended section 24 of article 2 of the Tax Law of 1896, should be construed as intending that the real estate shall be excluded in ascertaining the value of the shares of bank stock and suggests, in favor of such a construction, that, if the law is not so construed, the result is double taxation.

I think that the board of assessors proceeded correctly. The Tax Law, as amended with respect to banks, in 1901, devised a new plan for the assessment and taxation of shares of stocks of banks and banking associations. It is apparent

from the language of the enactment, among other things, that their real estate remained, as before, subject to taxation as a part of the corporate property; although entering into the valuation of the shares when assessed against the shareholders. As section 24 of the Tax Law read, when originally enacted in 1896, (Chap. 908, Laws of 1896), it was expressly provided that the assessed value of the real estate should be deducted, in the assessment, from the value of the shares of stock. In 1901, the legislature passed the act in question, which was entitled " An act to amend the Tax Law relating to the taxation of the stock-holders of banks and banking associations." Section 24 was re-enacted without that provision for the deduction of the value of the real estate and there was provided a new and complete system for taxing the shares of banks, under which a uniform rate of one per cent upon their value was imposed as a tax, which was to be in lieu of all other taxes whatso-ever, for state, county or local purposes. This was to be collected and paid over by the bank, and the privilege to share owners to claim deductions from the taxable value of their shares on account of their personal indebtedness, or otherwise, was withdrawn. The legislature proposed a sim-ple, certain and uniform mode of taxation of this kind of personal property throughout the state and the loss of the prior privileges of making deductions was compensated for in an exemption of that property from all other taxes for state, county, or local purposes. The question of what repre-sented the value of the shares of stock ought not to be in doubt. According to the act, it is ascertained by " adding together the amount of the capital stock, surplus and undi-vided profits " of the bank. That, necessarily, comprehends the real estate, which represented an asset of the bank. The president of the bank admitted it, in stating that a part of the capital, surplus and undivided profits was invested in real estate. The rule has been laid down, in cases in this court, that the capital of a corporation includes every asset, or investment, and that the actual value of the corporate shares

is to be ascertained from the total value of the corporate possessions. (See *People ex rel. Tradesmen's Nat. Bank* v. *Commissioners of Taxes*, 69 N. Y. 91; *People ex rel. Union Trust Co.* v. *Coleman*, 126 ib. 433; *People ex rel. Equitable Gaslight Co.* v. *Barker*, 144 ib. 94.) I think that the statutory provision in question, clearly, requires of the assessing officers, when ascertaining the value of the shares of bank stock from the total value of the corporate properties, to include the value of the real estate. Not only was there no authority in the act to make any deduction of the value of the real estate; but the concluding words of section 24 evidence the legislative intent that no such deduction should be allowed. It had been provided in the section that "mortgages, judgments and other choses in action and personal property held or owned by banks, or banking associations, the value of which enters into the value of said shares of stock, shall, also, be exempt from all other state, county and local taxation." The concluding words of the section are that "this act is not to be construed as an exemption of the real estate of banks or banking associations from taxation." The significance of this clause is that, although the value of the real estate was to be considered and taken into account in fixing the value of the shares of stock, no exemption should be implied of the real estate as a subject of taxation.

The tax to be collected under this section of the Tax Law is upon the shares of stock held by stockholders. It is not upon the property owned by the bank and the distinction in the scheme of taxation is evident. What is intended to be reached, for the purposes of taxation, is the personal property held and owned by persons in shares of the capital stock of banks. The value of that species of property is required by the law to be ascertained by adding together the amount of the capital stock, surplus and undivided profits of the bank and that, necessarily, must include the value of every corporate possession.

I think that the assessing officers were correct in their proceedings and that the assessment should be upheld. The

order of the Special Term quashed the writ of certiorari and dismissed the proceedings; but, as there was no ground for the dismissal of the writ, except that the determination of the board of assessors was correct, the order should be amended so as to read that it affirms the proceedings of the board of assessors and dismisses the writ of certiorari. As so amended, the order should be affirmed, with costs.

CULLEN, Ch. J., BARTLETT, HAIGHT, VANN and WERNER, JJ., concur; O'BRIEN, J., absent.

Ordered accordingly.