## BOARD OF EQUALIZATION OF OKLAHOMA CO. v. FIRST STATE BANK OF OKLAHOMA CITY.

No. 10512—Opinion Refiled March 9, 1920.

(Syllabus by the Court.)

**1. Statutes—Construction—Amendments.**

The statute, as amended, must be con-

strued so as to give full force and effect, if possible, to the entire section, rendering every word, phrase, and clause operative.

**2. Same—Subsequent Enactments as Aid to Construction.**

Subsequent legislative enactments may be considered as an aid to the interpretation of prior legislation upon the same subject.

**3. Taxation — Property Subject — Banks — Value of Shares of Stock—Deduction for Investment in State Bonds and Warrants.**

Under the provision of section 7318, Rev. Laws 1910, as amended by chapter 107, sec. 4, Sess. Laws 1915, banks should be assessed and taxed on the value of their shares of stock. A tax on the shares of stock is not a tax on the property of the corporation, and, therefore, shareholders are not entitled to have a deduction from the value of the shares of the amount of capital stock of the company which is invested in public building bonds and guaranty fund warrants.

**4. Appeal and Error—Findings—Reasoning of Trial Court—Conclusiveness.**

This court is not bound by the trial court's opinion as to the effect of the facts found or its reasoning in reaching its conclusions of law, but will affirm irrespective of erroneous reasoning, where the correct result is reached.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Appeal by the board of equalization of Oklahoma county from a judgment in favor of the First State Bank of Oklahoma City correcting assessment of taxes for the year 1918 against the First State Bank. Affirmed.

S. P. Freeling, Atty. Gen., Wm. H. Zwick, Asst. Atty. Gen., and Robert Burns, County Atty. of Oklahoma County, for plaintiff in error.

Asp, Snyder, Owen & Lybrand, for defendant in error.

OWEN, C. J. The First State Bank of Oklahoma City filed its assessment list for the purpose of taxation for the year 1918, showing a capital, surplus, and undivided profits of $67,100. It appears that $20,000 of the capital was invested in public building bonds and guaranty fund warrants and a deduction of $20,000 was allowed under the judgment of the district court.

To reverse the judgment it is urged that the assessment should have been on the value of the shares of stock, not on the capital, and no deduction allowed for the amount of the capital invested in the public building bonds and the guaranty fund warrants.

Under the provisions of section 7318, Rev. Laws 1910, banks were assessed upon their capital, surplus, and undivided profits. This section was amended by chapter 107, sec. 4, Sess. Laws 1915, by providing for assessment on the value of the shares of stock. This amendment appears as a separate paragraph, added after a re-enactment of section 7318. Some confusion has arisen as to whether banks should be assessed upon the net value of their moneyed capital, as provided in the original section and re-enacted, or upon the shares of stock as provided in the amendment.

The amended statute must be construed so as to give full force and effect, if possible, to the entire section, rendering every word, phrase, and clause operative. State ex rel. Owen v. Carter, State Auditor, 77 Okla: 27, 186 Pac. 454; Mathews v. Rucker, 67 Oklahoma, 170 Pac. 492; Bohart v. Anderson, 24 Okla. 82, 103 Pac. 742, 20 Ann. Cas. 142; Trapp, Auditor, v. Wells Fargo Express Co., 22 Okla. 377, 97 Pac. 1003; Marbury v. Madison, 1 Cranch. 137, 2 L. Ed. 60; Holmes v. Jennison, 14 Pet. 540, 10 L. Ed. 579.

The legislative intention to assess banks on the value of their shares of stock more clearly appears from chapter 203, Sess. Laws 1919, where section 7318, as amended by the 1915 act, was re-enacted with the express provision that banks should not be included with other corporations organized for profit, which are to be assessed on the net value of their moneyed capital, surplus, and undivided profits. Subsequent legislative enactments may be considered as an aid to the interpretation of prior legislation upon the same subject. Grayson v. Thompson, 77 Oklahoma, 186 Pac. 236; Board of County Com'rs of Creek County v. Alexander, 58 Okla. 128, 159 Pac. 311; Tiger v. Western Invest Co., 221 U. S. 286, 55 L. Ed. 738.

It is quite generally held that in assessing corporations on their moneyed capital a deduction should be made of the amount of such capital invested in securities and other property owned by the corporation that is exempt from taxation. But where the tax is upon the shares in the hands of stockholders, or is assessed against the corporation as the agent of the shareholder, no such deduction is to be made. The distinction is based upon the doctrine that capital stock, property of the corporation, and the shares of stock in the hands of individual stockholders are separate properties for the pur-

pose of taxation. The Legislature recognized this distinction between the property of the corporation, represented by its capital stock, and the property of the shareholders, represented by their shares, and changed the method of taxation from the moneyed capital of the bank to the shares which belong to the shareholders. In the case of Oklahoma Nat. Life Ins. Co., 68 Oklahoma, 173 Pac. 376, in an opinion by Mr. Justice Miley, it was said:

"The general rule, which seems to be supported by the overwhelming weight of authority, is that where the tax is upon the shares of stock in the hands of the stockholders as their property, or is assessed against the corporation as agent of the shareholder, to be deducted from the dividends, as is provided in our statutes for the assessment of shares of stock in the banks, no deduction should be made from the value of the shares on account of the capital or assets of the corporation invested in property which is exempt from taxation. * * *"

In the case of First Nat. Bank of Ossining v. Board of Assessors, 182 N. Y. 460, 75 N. E. 306, it was held, in the absence of a statute authorizing the deduction, the amount of capital of the corporation invested in real estate should not be deducted in taxing the shares of stock of the bank. It has been held repeatedly by the Supreme Court of the United States that in fixing the value of shares of stock in a national bank for the purpose of taxation, no deduction is to be made on account of the capital of the corporation invested in securities which are exempt from taxation. This proposition is sustained by cases cited in 45 L. R. A. (note) 757, and cases cited in 55 L. R. A. (N. S.) (note) 389. In Home Ins. Co. v. New York, 134 U. S. 594, 33 L. Ed. 1025, it was said:

"Such tax cannot be affected in any way by the character of the property in which its capital stock is invested."

In Palmer v. McMahon, 133 U. S. 662, 33 L. Ed. 772, it was said:

"The capital of national and state banks invested in United States securities cannot be subjected to state taxation; but shares of bank stock may be taxed in the hands of their individual owners at their actual instead of their par value, without regard for the fact that part or whole of the capital of the corporation might be so invested."

In Cleveland Trust Co. v. Lander, 184 U. S. 112, 46 L. Ed. 456, it was said:

"A tax on the shares of stock in a trust company is not equivalent to a tax on the property of the corporation, and therefore shareholders are not entitled to have a deduction from the value of the shares of the amount of the capital stock of the company which is invested in United States bonds."

In the case of Van Allen v. The Assessors, 3 Wall. 573, 18 L. Ed. 229, it was said:

"The tax on the shares is not a tax on the capital of the bank, but upon a distinct independent interest or property held by the shareholder."

The assessment here should have been on the value of the stock, not on the capital. The tax on shares is not a tax on the capital of the corporation, but upon the property owned and held by the shareholder, and from that valuation no deduction should have been made for the amount of the capital invested in public building bonds and guaranty fund warrants. It is immaterial for taxation purposes whether the capital of the corporation is invested in property exempt from taxation. The statute does not authorize a deduction on such account, and, without such provision, no such deduction can be allowed. The case of Assessment of First Nat. Bank of Chickasha, 58 Okla. 508, 160 Pac. 469, in so far as it is in conflict with the views here expressed, is overruled. This is not to hold that these public building bonds and guaranty fund warrants are taxable; that question is not presented in this case and is not passed upon.

It is not necessary, however, to reverse the judgment of the trial court, for the reason the assessment list filed by the bank gives the name and address of each shareholder, the number of shares, and the value of each share as required by the statute. From this it appears that the value of the shares was $47,106, the amount which the trial court ordered should be assessed against the bank. No evidence was offered to contradict this value. Therefore, it appears the trial court arrived at the correct conclusion, although giving a wrong reason for the conclusion. It is a settled rule that a judgment of the lower court will be affirmed, although a wrong reason was given for such judgment. Nance v. Fouts, 68 Oklahoma, 173 Pac. 1038; Kibby v. Binion, 70 Oklahoma, 172 Pac. 1091; McKee v. Title Ins. & Trust Co., 159 Cal. 206, 113 Pac. 140; Scattergood v. Johns, 57 Kan. 450, 46 Pac. 935.

The judgment of the trial court ordering the assessment on a valuation of $47,106 is affirmed.

KANE, RAINEY, JOHNSON, HIGGINS, and BAILEY, JJ., concur; PITCHFORD, J., dissents.

PITCHFORD, J. (dissenting). I concur in the conclusion announced by the majority of the court, but am unable to concur in the reasons given in arriving at that conclusion. On account of the importance of the questions involved, I deem it advisable to set out the grounds for my dissent in a separate opinion.

The only controversy, as I view the facts presented in the lower court, was the sole question as to the taxability or nontaxability of the guaranty fund warrants held by the bank.

The record discloses that on the 18th day of May, 1918, the First State Bank of Oklahoma City filed with the county assessor of Oklahoma county its assessment list for the purpose of taxation for the year 1918, showing its capital stock consisted of 610 shares of the par value of $100 each, or a capital stock of $61,000; that its surplus was $6,100 and its undivided profits, $6, making a total of $67,106, capital, surplus, and undivided profits. Said list further contained the names of the shareholders of said bank, together with their post-office addresses, the number of shares held by each, and the value of said shares of stock. On the reverse side of the assessment sheet was the following notation:

"Public Building Bonds, Series 24, No. 1 to 10, inclusive, $1,000 each.

"Banking Board Warrants, No. 3265, $10,000."

The bank appeared before the county assessor and claimed exemption from taxation to the extent of $20,000, this claim being based upon the ground that the bank had invested its capital stock and surplus in public building bonds to the extent of $10,000, and in guaranty fund warrants to the extent of $10,000. The county assessor allowed the exemption of $10,000, being the amount invested in public building bonds, but refused to allow any exemption by reason of the investment in guaranty fund warrants. The bank appeared before the county board of equalization and filed its complaint with said board, wherein it complained of the action of the county assessor in disallowing its claim by reason of its investment in guaranty fund warrants in the sum of $10,000. The county board of equalization heard evidence in support of the bank's claim for exemption by reason of its investment of its capital and surplus in public building bonds and guaranty fund warrants. The county board of equalization, the bank gave notice

the bank in so far as the investment of the $10,000 of the bank's capital and surplus in building bonds was concerned, but disallowed the claim in so far as the investment of the $10,000 of the bank's capital and surplus in guaranty fund warrants was concerned. From this order of the county board of Equalization, the bank gave notice of appeal, and in due time lodged said appeal by filing a transcript of the proceedings of said board with the court clerk of Oklahoma county. Thereafter said matter came regularly on for hearing upon the transcript filed by the bank in the district court of Oklahoma county. The trial court found that, as a matter of law, the bank was entitled to have the sum of $10,000 of its capital invested in guaranty fund warrants, as well as the sum of $10,000 of its capital invested in public building bonds, deducted and not considered in the assessment levied for taxation against the bank. The board of equalization has appealed to this court. It is conceded by the appellant that both the act of the Legislature and the bonds reciting the debt specifically exempted the bonds from taxation, and so long as the bonds were held by individual citizens of the state, or the bank itself, they would not be subject to taxation.

Was the assessment herein an assessment on the bank and on its moneyed capital, or was it one against the shares of stock? While section 7318, Rev. Laws 1910, as amended by Sess. Laws 1915, p. 143, provides that banks shall be assessed and taxed on the value of their shares of stock therein, I am forced to the conclusion that in making this assessment the same was not on the shares of stock, but was on the capital stock, surplus and undivided profits. It is true that we find under schedule A of said list the name, address, and number of shares of each stockholder, together with the value of the shares, which appears to be $77 per share, or the total value of the 610 shares being $47,106, being the exact amount reached by deducting the $20,-000 from the capital stock, surplus, and undivided profits. It appears that no change was at any time made by the board of equalization in the value of the shares as returned; therefore I am forced to the conclusion that the shares of stock have not been assessed, but clearly the assessment was against the bank and on the capital stock, surplus, and undivided profits. This conclusion is supported by the grounds stated in the motion for a new trial—first, that the court erred in holding that the capital stock invested

in guaranty fund warrants was nontaxable; second, that the court erred in holding that there should be deducted from the assessment of the bank the sum of $10,000, being the amount it had invested in guaranty fund warrants. While one of the grounds in said motion complains of the action of the court in not holding that the shares of stock of the bank were assessable in the hands of the owners and holders thereof, and that all the assets of the bank should be taken into consideration in fixing the assessable value of the shares, I have searched the entire record and fail to find wherein at any time before or during the proceedings in the trial court, any contention was made by appellant as set forth in the last assignment. The sole and only issue before the assessor, the county board of equalization, and the district court was whether or not the bank was entitled to have $10,000 of its capital invested in guaranty fund warrants exempted from taxation; in other words, whether or not guaranty fund warrants were exempt from taxation. No other issue than this was ever mentioned or considered. This view is fully sustained by the action of the assessor and the county board of equalization, in that no question was there raised as to the right of the bank to have a deduction on account of the $10,000 invested in building bonds.

I am unable to comprehend how this court can hold that banks should be assessed and taxed on the value of their shares of stock, and from that valuation no deduction should be made for the amount of capital invested in public building bonds and guaranty fund warrants, when that question was not before the trial court, was not passed upon by the trial court, and was raised for the first time in this court.

The decisions are uniform, as well as numerous, in holding that a party bringing his action is required to form his pleadngs in accord with some definite and certain theory, and the relief to which he claims to be entitled must be in accord therewith; and, on appeal, he is bound by the position and the theory assumed and on which the case was heard in the trial court, and one who has tried his case in the trial court upon one theory and lost will not be permitted on appeal to the Supreme Court to change front and try to prevail upon a different theory. Turley v. Feebeck, 38 Okla. 257, 132 Pac. 889; Smith v. Colson, 31 Okla. 703, 123 Pac. 149; Herbert v. Wagg, 27 Okla. 674, 117 Pac. 209. The facts in the instant case appear to be practically the same as in the case of In re First State Bank of Oklahoma City, 68 Oklahoma, 171 Pac. 864. In the body of the opinion, page 867, Justice Sharp, speaking for the court, says:

"As to how banks should be assessed and as to the right of such banks, acting either for themselves or for their stockholders, to deductions from the value of their taxable property on account of the corporate ownership of such warrants, we express no opinion, and nothing contained herein shall be construed as decisive of either proposition. These important questions will only be passed upon when properly raised in this court and submitted in conformity to the court rules. That in the instant case the result may be to sustain the trial court's action directing the deduction on account of the ownership of the warrants will not afford grounds for a different conclusion. In such situation, we must for the time indulge the presumption that the trial court correctly decided the law in these respects."

I concur in the conclusion of the majority of the court in holding that the tax in the instant case should be assessed against the bank on the amount of $47,106, being convinced from the record in the case that the tax was levied in the first instance against the capital stock, surplus, and undivided profits, and that the bank was as much entitled to have the $10,000 invested in guaranty fund warrants deducted as it was to have the $10,000 invested in public building bonds deducted, and I reserve the right to announce my interpretation of the law upon the question of whether or not the capital of a bank invested in nontaxable warrants should be deducted from the value of the shares of stock in assessing the latter for taxation when properly raised in this court, and submitted in conformity with the uniform rulings of this court.