## CANODE v. CLAYPOOL & WHEELER et al.

No. 12976—Opinion Filed June 27, 1922.

(Syllabus.)

1. **Master and Servant — Workmen's Compensation—Review of Awards—Decision Below Final as to Facts.**

In a suit instituted in this court to reverse an award of the State Industrial Commis-

sion, the suit must be to reverse an error of law, and not an error of fact. The decision as to all matters of fact is final.

2. **Same—Disallowance of Claim Where Damages Paid by Third Party Liable Therefor.**

On a claim before the Industrial Commission for compensation under chapter 246, Session Laws 1915, where the evidence disclosed the injury was caused by the negligence or wrong of another not in the same employ, and the evidence further disclosed that the claimant had settled with said third party and executed a receipt in full relieving said third party from all claim of damages and the amount received by claimant was more than he was entitled to receive under the evidence, under the compensation act, held, it was not error to disallow the claim for compensation.

3. **Appeal and Error—Review—Affirmance Regardless of Trial Court's Findings and Conclusions.**

This court is not bound by the trial court's opinion as to the effect of the facts found, or its reasoning in reaching its conclusion of law, but will affirm, irrespective of erroneous reasoning, where the correct result is reached.

Error from Order of State Industrial Commission.

Action by Walter Canode against Claypool & Wheeler and others to review the action of the State Industrial Commission in refusing him an award of workman's compensation. Affirmed.

Graham & Rollins, for petitioner.

Burford, Miley, Hoffman & Burford, for respondents.

McNEILL, J. This action was commenced in this court by Walter Canode against Claypool & Wheeler and Associated Employers' Reciprocal to reverse an order of the Industrial Commission denying the petitioner compensation against his employers, Claypool & Wheeler, and Associated Employers' Reciprocal, as insurance carrier. The order of the commission was dated the 17th day of December, 1921, and was based upon testimony taken before the commission on July 26, 1921. The commission found that the claimant was an employe of Claypool & Wheeler and received an accidental injury in the nature of a burn on December 4, 1920, while engaged as a well driller; that the injury grew out of and was in the course of the claimant's employment, and was inflicted by a third party, the Amerada Petroleum Company, a corporation. Thereafter the claimant entered into negotiations with the Amerada Petroleum Company, and was paid

the sum of $1,125, for which the claimant executed a release to said company in full satisfaction for the injury he had received.

The commission, as a conclusion of law, held the claimant elected to pursue his remedy at law against the Amerada Petroleum Company, and the commission was without jurisdiction to award him compensation. The commission dismissed the claim for want of jurisdiction.

The appeal involves, first, a construction of section 18, article 2, chapter 246, Session Laws 1915, and the findings of fact of the commission; second, whether the commission applied the proper law to the facts as found. Section 18, supra, provides, in substance, if a workman entitled to compensation under this act be injured by the negligence or wrong of another not in the same employ, he shall elect whether to take compensation under this act or pursue his remedy against such other. The act then provides: The election shall be evidenced in such manner as the commission may by rule or regulation prescribe. The act then provides: If he elects to take compensation under this act, the cause of action against such other party shall be assigned to the insurance carrier, or if he elects to proceed against the other person or insurance carrier, the employer shall contribute only the deficiency, if any, between the amount of recovery actually collected and the compensation provided or estimated by this act. It further provides that the compromise of any such cause of action by the employe at any amount less than the compensation provided by the act shall be made only with the written approval of the commission, and otherwise with the written approval of the person or insurance carrier liable to pay the same.

The commission, as authorized in said section, adopted the following rules and regulations:

"If a workman entitled to compensation be injured by the negligence of another not in the same employ, as set out in section 18, article 2, chapter 246 of the Session Laws of 1915, the employe shall elect whether to take compensation under the Workmen's Compensation Act or pursue his remedy at common law against such other in the following manner:

"If he elects to take compensation, he shall so notify the commission and shall make assignment of his cause of action against such other person to the insurance carrier, and if he elects to pursue his remedy against such other person causing injury, he shall in writing notify the commis-

sion and the insurance carrier. In the event he fails to make such notification, the commission will make no award against the insurance carrier for a deficiency if he recovers and collects less than what his compensation would have been under the Workmen's Compensation Act."

This section of the statute and the rules are plain and unambiguous. Under and by virtue of section 10, chapter 14, Session Laws 1919, a suit in this court must be to review an error of law, and not an error of fact. The decision as to all matters of fact is final. See Wilson Lumber Co. v. Wilson, 77 Okla. 312, 188 Pac. 666, and a long line of decisions of this court following that rule.

In the case of Associated Employers' Reciprocal v. Industrial Commission, 83 Okla. 73, 200 Pac. 862, this court held, if there was no evidence to support a finding of fact, the appeal then involved a question of law. Counsel for plaintiff in error, however, contend that under the last quoted decision it is the duty of this court to weigh the evidence. That is an erroneous contention. This court has so often decided that the statute was binding on this court and the finding of the commission upon a question of fact is conclusive that the contention that this court will weigh the evidence, in view of the statutes and decisions of this court, must be pronounced futile to the point almost of being frivolous. Counsel contend there is no evidence to support the finding that the injury was caused by the negligence of a third party, to wit, the Amerada Petroleum Company. The evidence of the claimant himself was that the injury was caused by a gas explosion; that the gas came from flow tanks of the Amerada Petroleum Company and filled the air surrounding these tanks, and then exploded and caused the injury. It is hard to conceive the idea that this evidence would not be considered sufficient to make a prima facie case.

It is next contended that the evidence does not disclose that claimant pursued his remedy against the Amerada Petroleum Company. The evidence of the claimant shows that he and his attorney settled with these people for $1,125 and executed a release to said third party which was in full for any claim or loss or injury or damage arising out of the injury. This evidence is also sufficient to support the finding of the commission. While the court did not make any finding as to what compensation the claimant would be entitled to under the law, yet his own testimony is copied in the brief of the respondent. He was asked

how long from the time he was injured until he was able to go to work, and he answered ten weeks, and that he was receiving $15 per day. So, under the compensation law, he would be entitled to receive $180. By applying section 18, supra, of the statute, the claimant having proceeded against a third person, and the law providing the employer shall only be liable to contribute the deficiency between the amount actually collected and the compensation provided under this act, the claimant has received more than $900 more than he would have been entitled to receive under the act, and is not entitled to recover. This is not considering the defense or failure of claimant to follow the procedure followed in said statute, nor the rule of the commission.

It is unnecessary for us to discuss whether the commission erred in concluding as a matter of law that it had no jurisdiction, because, by applying the law to the findings of fact, the claimant is not entitled to recover. This court, in a long line of decisions, has announced the rule that the judgment of the lower court will be affirmed if correct, although the wrong reason was given by the trial court. Board of Equalization of Oklahoma County v. First State Bank of Oklahoma City, 77 Okla. 291, 188 Pac. 115; Nance v. Fouts, 68 Oklahoma, 173 Pac. 1038; Kibby v. Binion, 70 Oklahoma, 172 Pac. 1091.

The complainant contends and cites cases where the claimant, even though he had executed a release to a third party, was permitted to maintain his claim under the compensation act. It is unnecessary for us to construe these cases, because in no case cited was the statute the same as ours, nor under facts where the claimant received more from a third party than he was entitled to under the compensation act.

For the reasons stated, the order of the commission is affirmed.

HARRISON, C. J., and JOHNSON, ELTING, and NICHOLSON, JJ., concur.