## In re ASSESSMENT of FIRST NATIONAL BANK of CHICKASHA.

No. 11948—Opinion Filed Oct. 9, 1923.

Rehearing Denied Nov. 20, 1923.

**1. Taxation—Value of Shares of Stock in Bank—Deductions.**

In determining the value of shares of stock in a national or state bank for the purpose of taxation under the provision of section 7318, Rev. Laws 1910, as amended by chapter 107, art. 1, sec. 4, Sess. Laws 1915, no deduction is to be made on account of the capital of the corporation invested in securities which are exempt from taxation.

**2. Judgment—Matters Concluded.**

The conclusiveness of a judgment extends only to the question directly in issue, and not to any incidental or collateral matter, though it may have arisen and been passed upon.

**3. Same—Estoppel by Judgment.**

A judgment is conclusive by way of estoppel only as to those facts which were necessarily within the issues, and without proof of which the judgment could not have been rendered.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Grady County; Will Linn, Judge.

In the matter of the assesment of the First National Bank of Grady County, Okla., for the purpose of taxation for the year 1920, From an adverse decision of the Board of Equalization of Grady County, the bank appealed to the District Court, where judgment was rendered in the bank's favor, and Grady County brings error. Reversed.

Wm. Stacy, Co. Atty., and J. Roy Orr, Asst. Co. Atty., for the county.

Bond, Melton & Melton, and Bailey & Hammerly, for First National Bank.

Opinion by PINKHAM, C. On the first day of January, 1920, the First National Bank of Chickasha, Okla., was the owner and holder of $180,000 par value public building bonds of the state of Oklahoma. In rendering the property of the bank for taxation for the year 1920, the officers of the bank listed the real estate separately taxed and the actual value of the shares of stock in the bank with the name of each individual holder of such stock, and deducted therefrom the par value of such building bonds. The tax assessor and the board of equalization of Grady county, Okla., notified such bank that the deduction would not be allowed, whereupon, on the 16th day of June, 1920, the bank filed with the board of equalization a protest against the assessment as returned by the assessor, contending that the bank and the stockholders are entitled to deduct from the assessed value of the shares of stock the value of such bonds.

In its protest the bank sets up certain judgments of the district court of Grady county in tax contests, for each of the years 1915 and 1916, in which it alleges that it was held that state public building bonds should be deducted from the value of the stock for purposes of assessment. One of these cases was appealed to this court and the judgment of the lower court affirmed. (In re Assessment First National Bank, 58 Okla. 508, 160 Pac. 469.)

It is recited in the bank's protest that these judgments are res judicata of the question involved in the present controversy.

The board of equalization overruled the protest of the bank and confirmed the assessment as made by the assessor. From this order the bank perfected an appeal to the district court of Grady county, which court, on the 27th day of November, 1920, rendered judgment in favor of the bank, defendant in error herein, reversing the order of the board of equalization. A motion for new trial was duly filed on the part of Grady county, plaintiff in error, and overruled by the court. To this order the plaintiff in error, Grady county, duly excepted, and gave notice in open court of its intention to appeal to the Supreme Court. The case comes regularly on appeal with petition in error and case-made attached.

The one question in this case is, Are the judgments in the assessments of 1915 and 1916, pleaded in the protest and complaint of the First National Bank of Chickasha, defendant in error, herein, res judicata of the same question involved in the assessment of 1920?

The public building bonds in question were issued under the Act of February 18, 1910, amended by the Act of March 15, 1911, Session Laws of 1910 and 1911, which provided that the bonds in question shall be non-taxable for any purpose. It is admitted that the bonds are exempt from taxation, the question having been decided by this court, and is not an issue in this case. It is contended by the plaintiff in error, Grady county, that the tax imposed is a tax upon the shares of stock in the bank to the individual stockholder. the bank being the agent for the assessment and payment of the tax, and not a tax on the bonds owned by the bank. and being a tax against the shares of stock to the individual stockholder, such stockholder, nor the bank for the benefit of the stockholder, is entitled to deduct from the value fixed for taxation the par value of the bonds.

The bank, defendant in error, contends that this' identical question was determined by this court in Re Assessment of First National Bank of Chickasha, 58 Okla. 508, 160 Pac. 469, in opinion filed October 10, 1916, and that the ground upon which the decision of this court was based in the First National Bank Case, 58 Okla. 508, 160 Pac. 469, is that the transaction pleaded and proved constitutes a contract between the state and the bank, and that the contract operated for the benefit of the stockholders, and that thereunder the stockholders had the right to deduct the value of the bonds from the value of the shares of stock fixed for taxation, and therefore the decision and judgments pleaded are res judicata of the question presented here.

The statute pursuant to which the bonds in question were issued, chapter 16, Session Laws 1910, amended Session Laws 1911, provides that:

"Any bank, trust, or insurance company, organized under the Laws of this state may invest its capital and surplus in bonds issued under the provisions of this act: * * * said bonds shall be non-taxable for any purpose."

The following are the facts: July 19, 1913, the First National Bank of Chickasha (defendant in error herein) purchased of the State Treasurer the public building bonds in question. In May, 1915, said bank made a return to the county assessor of its property, (monied capital, surplus and undivided profits) subject to taxation for the year, 1915, from which it deducted the assessed valuation of its real estate in the state of Oklahoma, separately listed in the name of the bank, and the public building bonds owned by it. The return as made by the bank was accepted by the county board of equalization July 30, 1915; the State Board of Equalization raised the valuation of National Banks in Grady county having state building bonds deducted in their assessment, in the sum of $200,000; and the assessment of Grady county referred back to the county assessor and board of equalization for correction, equalization, and adjustment.

On August 16, 1915, the county board of equalization, together with the county assessor, pursuant to the order and direction of the State Board of Equalization, met, and after hearing the protest of said bank and others affected, raised the assessed valuation of said bank in the sum equal to the par value of said public building bonds, namely $180,000, and ordered the county assessor to extend such raise upon the tax rolls for the year 1915. From said order the bank presented its appeal to the district court of Grady county, where the action of the county board was reversed, and said board was directed to deduct from the valuation of the bank the amount invested by it in public building bonds. From the order and judgment of the district court, the county board of equalization and board of county commissioners of Grady county, and the state of Oklahoma, appealed to this court.

It is contended by the state, in said appeal, that the act providing for the issuance of public building bonds, and exempting them from taxation was in conflict with section 50, article 5, of the Constitution, providing, that "The Legislature shall pass no law exempting any property within this state from taxation except otherwise pro-

vided in this Constitution." And that as section 6, article 10, of the Constitution, prescribing what is exempt from taxation, does not exempt state and municipal bonds, or either, and as such bonds in the hands of the owner constitute property, it contended that the bonds are taxable.

It will be seen that the principal question before this court in the case was the constitutionality of the Act of the Legislature exempting the public building bonds from taxation. Upon that question this court held in the case referred to (58 Okla. 508) :

"There being no constitutional obstruction forbidding the Legislature from exempting from taxation the bonded indebtedness of the state, in the form of the state public building bonds, it follows necessarily that the act exempting said bonds from taxation is not in that respect unconstitutional."

And, further, that:

"State public building bonds issued and sold pursuant to the act of March 15, 1911, and which by the terms of the act, as well as by express recital in the bonds, are made nontaxable, constitute a binding contract between the holder of such bonds and the state, which the latter under the guise of taxation may not constitutionally impair."

After passing upon the question of the constitutionality of the act, it was further held in the case referred to, that:

"The contract between the state and the bank, in respect to the exemption of the bonds from taxation, extends to its shares of stock in the hands of individual shareholders, and entitles them to the right to deduct from the value of their shares that proportion of the value invested in the bonds."

The opinion referred to was rendered October 10. 1916, and in the case of Board of Equalization of Oklahoma County v. First State Bank of Oklahoma City, 77 Okla. 291, 188 Pac. 115, in an opinion rendered March 9, 1920, this court held that:

"A tax on the shares of stock is not a tax on the property of the corporation, and therefore shareholders are not entitled to have a deduction from the value of the shares of the amount of capital stock of the company which is invested in public building bonds, and guaranty fund warrants"

—thereby overruling the case of In re Assessment of First National Bank of Chickasha, supra, in so far as it conflicts with the views expressed in the opinion in First State Bank Case.

It is definitely settled in this state that in determining the value of shares of stock in a national or state bank for the purpose of taxation, no deduction is to be made on account of the capital of the corporation invested in securities which are exempt from taxation. Board of Equalization v. First State Bank, 77 Okla. 291, 188 Pac. 115; Brown v. Hennessey State Bank, 78 Okla. 141, 189 Pac. 555; Board of Equalization of Kingfisher Co. v. People's National Bank, 79 Okla. 312, 193 Pac. 622; In re Assessment of Durant National Bank, opinion filed July 24, 1923 (pending on petition for rehearing).

The defendant in error relies upon the decision in the First National Bank Case (58 Okla. 508), in which it is argued that in that case the parties were the same as the parties in the present case; that the issues were the same; that the tax was assessed in the same manner, under the same statute; that the contract is the same, and that the bonds owned by the First National Bank of Chickasha now are the same bonds owned by the bank in 1915, and that therefore in the instant case the decision of this court in the First National Bank Case (58 Okla. 508) is now the law of the case, which requires this court to affirm the judgment of the trial court.

As before stated, the important question requiring a decision in the First National Bank Case, and the one directly in issue, was whether the act of March 15, 1911, exempting the public building bonds from taxation, was constitutional. That question was decided in the affirmative, and an unbroken line of decisions of this court have confirmed it. The decision in that case meant, and could properly only mean, that the bank as the owner and holder of the bonds could not be taxed upon the value of the bonds. The exemption of the bonds from taxation was plainly, clearly, and absolutely expressed in the language of the act of March 15, 1911, and it was equally plain that the issuance of the bonds to the bank operated as a contract between the bank and the state, which contract could not legally be impaired by attempting to tax the bonds, and it must be conceded that no attempt has been made to tax the bonds in the instant case; but there is nothing in the act providing that such bonds held by a bank should be deducted from the value of the shares of stock held by the shareholders for the purpose of taxation.

In other words, there is nothing in the public building act of March 15, 1911, or in any other statute, upon which to base that part of the judgment rendered in First National Bank Case, supra, that shareholders

in a bank owning nontaxable bonds should be exempt from taxation on their shares.

It is well settled that exemption from taxation is never to be presumed. The Legislature itself cannot be held to have intended to surrender the taxing power unless its intention to do so has been declared in clear and unmistakable words. New Orleans City, etc., v. New Orleans, 143 U. S. 195.

In the case of Bank of Commerce v. Tennessee, 161 U. S. 145, in the body of the opinion, it is said:

"This whole demand of exemption from taxation made by the bank and its shareholders must be considered with reference to the general rule governing claims of that nature. It is well known, has long existed, and is undoubted. New Orleans, etc., v. New Orleans, 143 U. S. 192, 195; Vicksburg & P. C. v. Dennis, 116 U. S. 665, and many cases there cited. Farrington v. Tennessee, 95 U. S. 679, 686; West Winconsin R. & S. 93 U. S. 595; Tucker v. Ferguson, 22 Wall. 527."

"These cases show the principle upon which is founded the rule that a claim for exemption from taxation must be clearly made out. Taxes being the sole means by which sovereignties can maintain their existence, any claim on the part of any one to be exempt from the full payment of his share of taxes on any portion of his property must on that account be clearly defined and founded upon plain language. There must be no doubt or ambiguity in the language used upon which the claim to exemption is founded. It has been said that a well founded doubt is fatal to the claim; no implication will be indulged in for the purpose of construing the language used as giving the claim for exemption, where such claim is not founded upon the plain and clearly expressed intention of the taxing power."

The language used in the opinion in the First National Bank Case (58 Okla.) discloses, we think, very clearly that the decisive question directly before the court was the constitutionality of the statute under which the bonds in question were declared to be nontaxable. The language to which we refer is as follows:

"Primarily, the controversy involved the taxability of the public building bonds of the state issued under the act of March 15, 1911. If said bonds are taxable, then this controversy is at an end. If not, the further inquiry is involved: that of the right of the shareholders in a national bank, whose capital and surplus is invested in nontaxable state bonds to a deduction upon the valuation of their shares on account of the nontaxable bonds owned by the bank, * * * It is important that our opinion should go to the merits of the controversy, laying aside all questions of the regularity of the proceedings, not of a jurisdictional character, had before the taxing authorities or in the trial court."

If the question of the right of the shareholders in a national bank, whose capital and surplus is invested in nontaxable state bonds to a deduction upon the valuation of their shares of stock on account of the nontaxable bonds owned by the bank, was involved in the former case, it was at most only incidentally or collaterally involved, in which event the judgment in that case to the effect that the shareholders were entitled to proper reductions on their shares on account of the bank's ownership of said bonds, would not deprive the taxing authorities of the right to tax the shareholders on the value of their shares in the present case. That question was not within the issues pleaded in the former case, and a judgment is conclusive by way of estoppel only as to those facts which were necessarily within the issues, and without proof of which the judgment could not have been rendered. Eastman v. Symonds, 108 Mass. 567.

In the case of Ford v. Ford, 68 Ala. 145. it is said:

"It is too well settled to require the citation of authorities that conclusiveness of a judgment extends only to the question directly in issue and not to any incidental or collateral matter, though it may have arisen and been passed upon. The doctrine was clearly stated in the Duchess of Elington's Case, R. Smith's Leading Cases, 609; that neither the judgment by a court of concurrent or exclusive jurisdiction is evidence of any matter which came collaterally in question, though within their jurisdiction, nor of any matter incidentally cognizable; nor of any matter to be inferred by argument from the judgment." Van Fleet's Former Adjudications, vol. 1, sec. 1.

An examination of the record before us discloses that it was the bank, defendant in error herein, that alone filed its complaint and protest against the action of the county equalization board in raising the valuation of its property for taxation in 1915; that it alone appealed from the order of that board to the district court of Grady county August 16, 1915, and that on the 8th day of November, 1915, the said district court rendered judgment in favor of the First National Bank of Chickasha, on the law and the facts. In other words, the shareholders of the bank were not parties to any proceedings before the county equalization board, the district court of Grady county, or in this court in the former case.

The complaint and protest of the bank in 1915 and 1916 was against the action of the county board of equalization in raising

the valuation of its property for taxation for the year 1915, and extending such raise and increase in value upon the tax rolls of Grady county.

In the case at bar the complaint and protest filed with the county equalization board of Grady county in 1920 alleges:

"* * * And the said First National Bank says that said bonds are exempt from taxation, and the par value thereof should be deducted from the amount of the assessed value of the shares of stock and property of said bank as shown by the assessment sheets of the tax assessor for the following reasons, to wit: First, the First National Bank and the stockholders of the First National Bank are under the laws of the state of Oklahoma entitled to deduct from the assessed value of the shares of stock and the property of said bank the par value of said bank."

The claim on the part of the bank that the shareholders are entitled to an exemption from taxation on the value of their shares on account of the nontaxable bonds owned by the bank was not made in any pleading in the former case which arose in 1915, and is presented for the first time in the present case with reference to the assessment of 1920.

We conclude that the issues in the former case (58 Okla. 508) and the issues arising in the instant case are not the same, and that the decision and judgment pleaded are not res judicata of the question presented in this case.

"It could never be tolerated that the state should be forever barred in the collection of its taxes by an erroneous decision." (Keokuk Railroad v. Scallord County, 152 U. S. 316.)

In the brief of the First National Bank a number of cases are cited in support of its contention that the former judgments of the district court of Grady county, and the decision of this court in First National Bank of Chickasha, 58 Okla. 508, are conclusive upon the county, state, and taxing authorities, and particular attention is directed to the case of Bank of Kentucky v. Stone, 88 Fed. 383, and the case of New Orleans v. Citizens Bank, 167 U. S. 371. We do not think these cases support the contention. In the Kentucky case it is said in the opinion p. 395:

"In the case at bar the situation is very different. The provision of the exemption in the Hewitt Act is that the bank and its shares of stock shall be exempt from all other taxation whatsoever, so long as said tax shall be paid during the corporate existence of such bank."

To make the Kentucky case, supra, applicable, it would be necessary to show that the

act providing for the issuance of nontaxable public building bonds provided in express terms that the shareholders of a bank owing such bonds should be exempt from a tax on their shares of stock.

In the New Orleans v. Citizens Bank Case, supra, it is said in the opinion:

"The doctrine that an exemption of the capital of a corporation does not of necessity include the exemption of the shareholders on their shares of stock is now too well settled to be questioned. Bank of Commerce v. Tennessee, 161 U. S. 134."

As to the argument of the bank, defendant in error, to the effect that to tax the shareholders of a bank on nontaxable public building bonds would be to impair the contract between the state and the bank owning the exempt bond, it is sufficient to say that the contract between the state and the bank has not been violated by the taxing authorities in the case at bar, and that as the act of the Legislature providing for the issuance of nontaxable public building bonds has no reference whatever to the exemption of the shareholders of a bank owning such bonds, there exists no contract between such shareholders and the state.

In New Orleans v. Citizens Bank, supra, it is said in answer to a similar proposition:

"The decree below, therefore, which held that the stockholders could not be taxed because of the contract right of the bank, conflicted with the settled rules of law, and accorded the complainant a right to which it was not entitled, although under the authority of the thing adjudged the nonliability of the bank to taxation as to certain objects of taxation be fully established. (167 U. S. 402.)

In the case of Jackson v. Twin State Oil Company et al., it is said in the opinion, 95 Okla. 96, 218 Pac. 324:

"It is equally well settled that an impairment of the obligation of the contract within the meaning of the federal Constitution must be by subsequent legislation, and no mere change in judicial decisions will amount to such deprivation. Ross v. Oregon, 227 U. S. 150-161, 57 L. Ed. 458-463, 33 Sup. Ct. Rep. 220, Ann. Cas. 1914 C, 224; Moore Mansfield Constr. Co. v. Electrical Installation Co., 234 U. S., 619-624, 58 L. Ed. 1503, 34 Sup. Ct. Rep. 941."

It is also contended by counsel for the defendant bank, as we understand the argument, that the taxation of the shares of stock in the hands of the stockholders under the provisions of the act of 1915, (Laws 1915, c. 107, sec. 4) amended by the act of 1919 (Laws 1919 c. 203), is in conflict with section 5219, Revised Statutes of the

United States, (Comp. Stat. sec. 9784), which was designed to prevent discrimination between national bank shares and other monied capital. The cases cited do not, we think, support the contention.

There is nothing in the record before us to support the proposition that state taxation on the shares of national bank stock is at a greater rate than is assessed on other monied capital in the hands of individual citizens of the state.

For the reasons stated, we think the judgment of the district court of Grady county should be reversed, and the assessment as determined by the board of equalization of said Grady county be reinstated.

By the Court: It is so ordered.

On Petition for Rehearing.

Opinion by THOMPSON, C. The attorneys for First National Bank of Chickasha, in their petition for rehearing, allege:

(1) That in the opinion rendered by this court, on October 9, 1923, the court overlooked the fact that the bank was relying upon a plea of res judicata, as distinguished from a plea of estoppel by a judgment, and overlooked certain controlling decisions of the Supreme Court of the state of Oklahoma.

(2) That the court, in failing to hold a former judgment of the Supreme Court of Oklahoma was res judicata to all matters in issue in this cause, overlooked certain controlling decisive decisions from the Supreme Court of the state of Oklahoma.

(3 That the court, on the third page of the typewritten opinion, recognized only one question in this cause in this language:

"Are the judgments in the assessments of 1915 and 1916, plead in the protest and complaint of the First National Bank of Chickasha defendant in error, herein. res judicata of the same question involved in the assessment of 1920."

—thereby overlooking the extremely important question raised in this case, namely, that any attempt on part of the state taxing authorities to assess the bonds belonging to the bank or to refuse to deduct the same from the assessment against the stock belonging to the shareholders of said bank, would constitute an impairment of contract and would violate section 10, article 1 of the Constitution of the United States.

Upon a careful examination of the decision of this court, complained of, we find that all of the questions raised in the motion for rehearing were carefully considered by this court in said opinion, and in the opinion this court held that the decision in the case of National Bank of Chickasha, 58 Okla. 508, 160 Pac. 469, did not and does not conclude the taxing authorities of the state from assessing the stock held by the individual stockholders of the bank for the reason that, in that case, the only issue was between the bank and the board of equalization and the stockholders were not parties to this action, and quoted from the Supreme Court of the United States, in the case of New Orleans v. Citizens Bank, 167 U. S. 371, in which it was held:

"The doctrine that an exemption of the capital of a corporation does not of necessity include the exemption of the shareholders on their shares of stock is now too well settled to be questioned. Bank of Commerce v. Tennessee, 161 U. S. 134."

And the United States Supreme Court, in the case of Van Allen v. The Assessors, 3 Wall. 573, 18 L. Ed. 229, said:

"The tax on the shares is not a tax on the capital of the bank, but upon a distinct independent interest or property held by the shareholder."

And, hence, we conclude that the rights of the shareholder being separate and distinct and independent from the capital stock of the bank in the case relied upon by the bank, it is our opinion that the stockholders' rights could not have been a subject of litigation where the question was solely and only upon the question of taxation of the capital stock of the bank invested in bonds which were sought to be taxed in case of National Bank of Chickasha. 58 Okla. 508, 160 Pac. 469, and we, therefore, conclude that the decision in the present case is correct upon this proposition.

Upon the proposition that to tax the property was an impairment of the contract and, in violation of the Constitution, this court, in the opinion, quoted from the case of New Orleans v. Citizens' Bank. supra, quoting with approval from the case of Citizens' Bank v. Bouny, 32 La. 239, as follows:

'Moreover, in the Bouny Case the Supreme Court of Louisiana held that the bank was without authority to champion the rights of its stockholders, and the bill in this case is filed in behalf of the bank alone, and is predicated solely upon the theory that the bank was entitled to attack the tax because of the absolute duty imposed upon it to pay. The decree below, therefore, which held that the stockholders could not be taxed because of the contract right of the bank, conflicted with the settled rules of law, and accorded the complainant a right to which it was not entitled. although under the authority of the thing adjudged the nonliability of the bank to taxation as to certain objects of taxation be fully established."

Hence, we conclude that the question of the taxation of the bank property and the question of the taxation of the stock held by the individual stockholders being sepa-

rate and distinct entities, and there being no connection between the rights of the one and the other on the question of exemption from taxation there was not such a privity of interest between the bank and the stockholders to entitle the stockholders to claim an exemption founded upon a decision of the court in a case, in which they were not parties, under the authorities cited by attorney for the bank in his brief upon the petition for rehearing, either upon a plea of res judicata or estoppel.

We, therefore, conclude that this court, in the opinion complained of, did not overlook any question decisive of this case and that the opinion is not in conflict with an express statute or controlling decision to which the attention of the court was not called or which has been overlooked by the court, and it is our opinion that the petition for rehearing should be and is hereby denied.

By the Court: It is so ordered.