DUSBABEK et al. v. BOLAND.

No. 32795.    Dec. 9, 1947.

Rehearing Denied Jan. 27, 1948.

*189 P. 2d 173.*

Falkenstine & Fisher, of Watonga, for plaintiffs in error.

E. Blumhagen, of Watonga, for defendant in error.

HURST, C. J. On December 1, 1932, Barbara Dusbabek executed and delivered to Marie O. Dusbabek, her daughter, two deeds, one covering 2½ lots in the city of Enid and one covering a quarter section of land in Blaine county. The deeds were prepared by the same attorney and acknowledged before the same notary public at the same time. At that time, the grantor was a widow and had four children, George F. Dusbabek and Elmer Dusbabek, sons, Emma Blanche Hoff and Marie O. Dusbabek, daughters, and a grandson, John J. Kellet, a son of a deceased daughter. Marie O. Dusbabek later married one Boland, and on March 27, 1941, she commenced cause No. 7152 in the district court of Blaine county against Barbara Dusbabek, Emma Blanche Hoff, George F. Dusbabek, Elmer Dusbabek and John J. Kellet and others in which she sought to determine the heirship of her father, Joseph J. Dusbabek, who died intestate in 1925, and to have it adjudged that she owned said land in Blaine county and to have her title to said land quieted as against the claims of the defendants. No pleadings filed in that case by Barbara Dusbabek, the mother, are in the record before us, but the other defendants filed answers and cross-petitions in which they alleged that the deed to the land in Blaine county was made for the maintenance, care, and welfare of Barbara Dusbabek during her lifetime and in trust for the benefit of the four children and the grandson of Barbara Dusbabek, after her death. In that cause, the court found the issues in favor of the defendants and against the plaintiff, Mrs. Boland, and decreed that upon the death of Barbara Dusbabek, the property should be held for the benefit of her four children and her said grandchild. No appeal was taken from that judgment and it became final.

That judgment was rendered on December 8, 1941.

On June 26, 1941, George F. Dusbabek, Elmer R. Dusbabek and John J. Kellet commenced this suit No. 19287 in the district court of Garfield county against Mrs. Boland asking that it be adjudged that the deed, executed by Barbara Dusbabek to Mrs. Boland on December 1, 1932, covering one of the lots in the city of Enid, conveyed the property in trust for the benefit of the four children and grandson of Barbara Dusbabek after the death of Barbara Dusbabek. Later Mrs. Hoff was made a party defendant. The plaintiffs and Mrs. Hoff alleged that both deeds were made as part of the same transaction and that Mrs. Boland was estopped by the judgment of the district court of Blaine county, above mentioned, from asserting that the deed to the lot in Enid was intended as an absolute conveyance. The defendant in her answer denied generally the allegations of the petition and specifically denied that both deeds were made as part of the same transaction or that she was estopped by said judgment to claim a fee-simple title to the Enid lot. The issue thus made by the pleadings in the present case was whether the judgment in the district court of Blaine county estopped Mrs. Boland from claiming that the Enid property was conveyed to her absolutely rather than in trust as adjudged in the Blaine county suit as to the land in Blaine county.

Kellet testified with reference to a conversation he had with Mrs. Boland as follows:

"She said it was put in her name for two reasons, one was to keep the boys from getting it and the second was we would get around all this inheritance tax in the county court and we wouldn't have that to contend with and when it was over that all she would have to do was to sell it and divide the money between all of us."

Mrs. Hoff testified, with reference to a conversation she had with Mrs. Boland, as follows:

"She said that mother deeded it over to her to keep the boys from trying to get it away from her; they were trying to borrow money now and then but it was deeded over to her, and mamma was to be taken care of, and when she was through it was all supposed to be divided equally among us and those that have made anything out of the state it was to be deducted from their share, and the balance to be divided and distributed equally. . . ."

"Yes, sir, she said she took mother to the lawyer and he had the two deeds made and also the will made, all at the same time."

Mrs. Boland denied making these statements, but testified she had the conversations with reference to the deeds, but not as they had testified. She testified:

"I told them that mamma deeded it to me for her lifetime keep and care; that George wasn't capable of taking her and helping her, and Mrs. Hoff knows that she and mamma didn't get along, so I agreed to take care of her for lifetime keep and care."

Mrs. Boland introduced in evidence two wills executed by her mother, one executed December 3, 1932, and one executed May 5, 1942. The last was admitted to probate in Oklahoma county on September 5, 1944. In both wills she referred to the fact that she had conveyed the properties to Mrs. Boland and stated that said properties were conveyed absolutely, and she provided that if any named beneficiary should contest the conveyances, such share should be forfeited. In the first will she stated that by said conveyances she did not intend to create a trust. In the second she stated that the properties so conveyed should be the sole and separate properties of Mrs. Boland. In both she devised all real property "standing in my name at the time of my death" to her four children and one grandchild in equal parts.

The court found the issues in the present case in favor of Mrs. Boland and rendered judgment accordingly,

and from that judgment this appeal was taken.

1. Plaintiffs argue the case under four propositions, yet it is clear that the four propositions in reality are one. In effect, it is contended that upon proof that the two deeds were executed and delivered as part of the same transaction, the Blaine county judgment is conclusive of the issue that the deeds were delivered in trust for the benefit of the grantor for life and then for the plaintiffs and defendants.

It is settled that under the doctrine of estoppel by judgment, a fact, right or question actually litigated or determined by a court of competent jurisdiction may not again be litigated in a subsequent action between the same parties or their privies even though involving a different cause of action. Uphoff v. Meier, 184 Okla. 378, 87 P. 2d 960. Plaintiffs urge that under this rule they should prevail since there is no serious contention by Mrs. Boland that both deeds were not executed and delivered as part of the same transaction. With this we cannot agree because of a subtle but important distinction between the issue in the Uphoff Case and the issue in the instant action.

In the Uphoff Case the issue litigated and determined in the first action was undue influence and fraud in the procurement of the deed. Proof that both deeds were given as part of the same transaction made the question of undue influence and fraud in the first action the identical issue as the undue influence and fraud in the procurement in the second case. The same fraud permeated the entire transaction and it was the same fraud and the same undue influence in both deeds. The issue was identical. Likewise, where an action is predicated on the claimant's personal status and the determinative issue is its existence or nonexistence, the adjudication of that issue is conclusive in a subsequent action between the same parties or their

privies when the claim is predicated on the same status. This is so because in both actions the status is the same status. If it exists to make effective one claim it exists as a basis of the second claim. The status, the issue, in both cases is identical. Fulsom v. Mason, 107 Okla. 70, 229 P. 1072; Johnson v. Gillett, 66 Okla. 308, 168 P. 2d 1031; 50 C.J.S. 224; Freemen on Judgments, (5th Ed.) 1894 et seq. If a judgment necessarily determines a particular fact, that determination is conclusive between the same parties and their privies. Yet before the doctrine of estoppel by judgment may be applied to a particular issue, that issue must be the same in both cases. 50 C.J.S. §719.

In the Blaine county case the issue was the delivery of the Blaine county deed in trust. By the judgment in that case, the court held that the deed to the Blaine county farm was delivered in trust and decided the conditions of that trust. Regardless of the fact that both deeds were made, executed and delivered at the same time and as part of the same transaction, it does not make the issue identical in the two cases because the presence of these factors does not necessarily mean that the same intention to deliver in trust or the same conditions of the trust, if any, were present in both conveyances. Neither the intention to convey in trust nor the conditions of the trust are necessarily present or the same in both deeds, although both deeds were given at the same time. The intention to convey in trust is no constant factor as would be the capacity of the grantor, fraud in the procurement, or relationship of the parties. Although there might be a single general purpose for the entire transaction, being either, as plaintiffs' testimony indicates, to keep the boys from getting the lands and to get around the inheritance tax or, as defendant testified, for grantor's lifetime care and keep, it is not conclusive that the legal effect or intent in the conveyance of the lands by separate deeds is identical. This is so because

it is plain that the general purpose of the transaction could as easily be accomplished by different legal means for each piece of property, each intended to have a different effect, as by two instruments intended to have identical operation and effect. The fact that separate and different intentions as to the effect of the separate instruments could exist in a single transaction makes apparent the necessity of proof of intent in each case and the reason why the intent of the grantor in one instrument as shown by the judgment in one action cannot be conclusive on the issue of the intent of the grantor in a subsequent action based on the other instrument conveying different property though in the same transaction.

Ordinarily, a decision in one case affecting real estate does not operate as an estoppel by judgment in another case involving other land. 50 C.J.S. §735. To so affect title to separate parcels of real property conveyed by separate instruments the pivotal issue must be such a fact which if present in one instrument must be present in the other, both being part of a single transaction.

It follows, then, that the judgment of the district court of Blaine county is not conclusive as to this issue, under the doctrine of estoppel by judgment.

2. Appellants argue, in connection with the proposition just discussed, that the judgment is clearly against the weight of the evidence. Most of the evidence had reference to the theory of estoppel by judgment. We have set out above the evidence as to the intention with which the deeds were delivered. The trial court was in better position to weigh the oral testimony and pass upon the credibility of the witnesses than is this court. The wills clearly show an intention on the part of Barbara Dusbabek to vest absolute title in Mrs. Boland, and corroborate the testimony of Mrs. Boland as to such intention. After carefully weighing the evidence, we cannot say that the finding of the trial court is clearly against

the weight of the evidence, which we would be required to do in order to justify a reversal of the judgment. Harrison v. Eaves, 191 Okla. 453, 130 P. 2d 841; McCoy v. McCoy, 30 Okla. 379, 121 P. 176.

Judgment affirmed.

BAYLESS, WELCH, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.

