SPENCER et al. v. WOODS et al.

No. 34945.   March 17, 1953.

*254 P. 2d 974.*

A. T. Tom Biggers, Ponca City, and Tom C. Greer, Wewoka, for plaintiffs in error.

W. M. Haulsee, Hugh Roff, and Richard S. Roberts, Wewoka, for defendants in error.

CORN, J.   Plaintiffs commenced this action to quiet title to a one-half interest in real property in Seminole county. The defendants filed an answer alleging that they were the wife and minor child of Jack Woods, deceased, who inherited the one-half interest in said property from his father, David, an enrolled fullblood Seminole Roll No. 1335, hereinafter referred to as David, who left surviving him his wife Ludie Woods and a son, Jack Woods.

Plaintiffs filed a reply alleging that in probate cause No. 3635, in Seminole county, the court found that defendants were not the wife and child of said Jack Woods. The trial court in the case under consideration found that the defendants were not bound by the finding made in the probate proceeding and entered judgment for the defendants and the plaintiffs have brought this proceeding to review said judgment.

At the outset plaintiffs have simplified the issue by conceding that the evidence is sufficient to sustain the findings of the trial court in the case under consideration that defendants are the wife and child of Jack Woods. They present the case on appeal on the single issue that the question is res judicata and that defendants are estopped by the judgment by the court in the probate proceeding.

The evidence discloses that David died intestate and left Ludie, his wife, and Jack Woods, a son. There was no probate of the estate of David. Jack Woods died December 16, 1944. Ludie Woods died January 8, 1946, leaving a will. The defendants did not inherit under the will. In the probate of the will the defendants filed a contest in which they asserted that the will was void for the reason that it was executed under duress.   The court denied the contest and found that defendants were not the wife and child of Jack Woods.

We must assume, therefore, in approaching this single issue, that Jack Woods died leaving a wife and child; that Ludie Woods' estate was duly probated; that thereafter this action was commenced to determine the heirs of Jack Woods, deceased. In fact, it is alleged that there has been no probate of the estate of Jack Woods, deceased, and that this action is brought to determine the heirs of Jack Woods, deceased. Plaintiffs are bound by these allegations.

The order made by the probate court after the contest filed by the defendants is as follows:

"This matter coming on for hearing this 9th day of August, 1948, after being regularly continued from the 5th day

of May, 1948, upon the contest of Will and petition as an heir of Cora Lena or Woods and Mary Len Lena or Woods, a minor, and the executor, Charlie Grounds appearing in person and by his attorney, M. W. Janes, Lina Spencer now Fixico, Willie Spencer, Porter Bear *now Noon,* appearing in person and by their attorneys, Tom C. Greer and Tom Biggers, and Cora Lena or Wood and Mary Len Lena or Woods, a minor, appearing in person and by their attorney, J. A. Patterson, and both parties having put on testimony and rested, and the Court, after argument in said Cause, and being fully advised in the premises, finds: That Jack Woods, Seminole NE, died on or about the 6th day of December, 1944, which date was before the death of the testator herein, Ludie King now Wood.

"The Court further finds that Jack Woods departed this life while a resident in good faith of Seminole County, intestate, unmarried, and without issue. The Court further finds that the said Cora Lena or Woods was not the legal and lawful wife of the said Jack Woods at the time of his death, and that the said minor, Mary Len Lena or Wood, — was not the lawful and surviving child or issue of the said Jack Woods. The Court further finds that the said Cora Lena or Wood—and the said Minor, Mary Len Lena, or Wood—, are not the legal heirs of the said Jack Wood— and are not entitled to inherit into his estate by representation or otherwise.

"The Court further finds that the said Ludie King now Woods at the time of executing the Will offered for probate herein was of sound mind and memory and possessed the testamentary capacity to make said Will; That there was no fraud, duress, or undue influence used upon the said Ludie King now Woods and that said Will was executed according to law and was regular and valid under the laws of this State.

"It is therefore Ordered, Adjudged and Decreed by the Court that the contest of the Will of Ludie King now Woods, testator herein, on the part of Cora Lena or Woods and Mary Len Lena or Woods, a minor, be denied and that the distribution be made according to the terms of said Will.

"It Is Further Ordered, Adjudged and Decreed by the Court that the said Cora Lena or Woods is not the legal and surviving wife *or* the said Jack Woods at the time of his death and is not entitled to inherit herein as an heir of the said Jack Woods.

"It Is Further Ordered, Adjudged and Decreed that Mary Len Lena or Wood, minor child of Cora Lena or Woods, is not the legal child or Jack Woods, deceased. and is not entitled to inherit as an heir of Jack Woods."

In Re Assessment of First National Bank of Chickasha, 93 Okla. 233, 220 P. 909, it is stated:

"The conclusiveness of a judgment extends only to the question directly in issue, and not to any incidental or collateral matter, though it may have arisen and been passed upon."

In Dusbabek v. Boland, 199 Okla. 614, 189 P. 2d 173, we find the following:

" * * * If a judgment necessarily determines a particular fact, that determination is conclusive between the same parties and their privies. Yet before the doctrine of estoppel by judgment may be applied to a particular issue that issue must be the same in both cases, 50 C.J.S., Judgments, §719."

In Ford v. Dania Lbr. & Supply Co., 150 Fla. 435, 7 So. 2d 594, it is stated that an essential element of estoppel by judgment is identity of parties suing in the same capacity; and in Paine & Williams Co. v. Baldwin Rubber Co., 113 F. 2d 840, that court states that the facts conclusively determined by a judgment includes not only the ultimate facts but the material facts necessary in arriving at the conclusion, but such facts must be properly in issue for them to give rise to the doctrine of estoppel by judgment.

The ultimate fact in the probate proceeding was that the will was valid. The finding as to whether the mother and daughter were the heirs of Jack Woods was neither necessary nor material. The probate of the estate of Jack Woods is the only probate proceeding that would give jurisdiction to determine his heirs. The statement is made

and not denied that the property involved was the original allotment of David and restricted lands. If so, only the probate court having jurisdiction of the property of Jack Woods could determine the heirs of Jack Woods. Kenny v. Miles, 250 U. S. 58, 63 L. Ed. 841; Wolfe v. Gills, 96 Okla. 6, 219 P. 350; Cowokochee v. Chapman, 90 Okla. 121, 215 P. 759.

The probate court of Seminole county was not probating the estate of Jack Woods, neither was it seeking to determine his heirs. Under the allegations in the petition filed by plaintiffs in the case at bar there has been no probate of the estate of Jack Woods and for this reason they seek to determine his heirs. The petition to quiet title and determine the heirs would not state a cause of action unless it alleged that the heirs of Jack Woods had not been determined by a proceeding in probate. Since the heirs of Jack Woods can only be determined by a probate, or this action in substitution thereof, which must allege that there has been no probate of the estate of Jack Woods, defendants had a right to set up their heirship.

In fact, we think the pleadings must be construed as stating that nowhere has the fact been established that Jack Woods did or did not have a living wife and child. Ludie Woods did not have to will any property to the wife or child of Jack Woods. Neither Jack Woods' wife nor his child made any claim to be an heir of Ludie Woods. There was nothing in the petition to contest filed by the defendants in the probate court which sought to establish that either the wife or child was the heir of Ludie Woods. They did not claim to inherit from her but claimed their inheritance from Jack Woods. They had a right to assert that claim of inheritance at the first place it was proper to claim it, to wit, the action filed by plaintiffs to quiet title and determine the heirs of Jack Woods.

The action in the probate proceeding was neither res judicata nor estoppel by judgment.

Judgment affirmed.

HALLEY, C.J., and DAVISON, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.